## STATE *v.* LARKIN.

Whether an acquittal upon an indictment for larceny, or a conviction upon an indictment for receiving stolen goods, is a bar to a subsequent indictment charging the same respondent with being an accessory before the fact to the stealing of the same goods.

### STATEMENT OF FACTS.

In this case the following facts were agreed to : that respondent

John W. Larkin was indicted at the April term, 1869, in this county, by the name of John E. Larkin, with one George M. Green and one Jennette Elliott, for stealing, on the third day February, 1869, at Pembroke, a quantity of bank bills from one Edmund Elliott. That the same indictment in a second count charged the respondent, with said Green and said Jennette Elliott, with knowingly receiving a quantity of stolen bank bills, on said third day of February, which bills had been stolen from said Edmund Elliott. That at the same term the respondent was tried upon said indictment upon the plea of not guilty, and the jury returned a verdict against the respondent, finding him guilty of receiving stolen money to the amount of forty dollars. At the October term, 1869, the respondent was again indicted, the indictment charging that Ann M. Elliott, on the third day of February, 1869, at said Pembroke, did steal, &c., certain bank bills from one Edmund Elliott, and that the respondent, before the committing of the felony and larceny aforesaid, did knowingly and feloniously incite, move, procure, aid, abet, counsel, hire and command the said Ann M. Elliott to do and commit the said felony and larceny, &c. And it is agreed that the money or bank bills which are charged as having been stolen by the said Ann M. Elliott, by the advice and procurement of the respondent in this last indictment, are the same bank bills that said respondent was charged with stealing (with others) in the first count of the former indictment, and with receiving (with said others) knowing it to be so stolen, in the second count in said former indictment. And now the respondent being put on trial upon the indictment found at the October term 1869, pleads in bar that he has once before been tried upon the same charge, and convicted of the same offence with which he is here charged and for which he is now put upon trial. He also pleads in bar that he has once before been tried for the same offence with which he here stands charged, and is now put upon trial, and that he was on said former trial acquitted.

The State's counsel, without demurring to the pleas, agrees that the questions of law raised by these pleadings, in connection with the agreed facts, above stated, be referred to the court for determination.

*Attorney General,* for State.

*Eastman, Page & Albin,* for respondent.

SMITH, J. In 1 Hale's P. C. 625–6, it is said, that "if A. be indicted as principal and acquitted, he shall not be indicted as accessory *before*, and if he be, he may plead his former acquittal in bar, for it is in substance the same offence;" see also 2 Hale's P. C. 244. The intrinsic correctness of this position, which is admitted by Lord Hale to be contrary to the ancient law, is seriously questioned in Foster's Crown law, 361, 2, where the author, after admitting that the offence is in substance the same "*in foro cœli,*" affirms that this

is not also true " *in foro sæculi;*" "for", he proceeds "in the eye of the law the offences of principal and accessory *specifically* differ, and fall under quite a different consideration, * * * and if a person indicted as principal cannot be convicted upon evidence tending *barely* to prove him to have been an accessory before the fact, which I think must be admitted; I do not see how an acquittal upon one indictment could be a bar to a second for an offence specifically different from it." This, says Sir Michael Foster, "I offer as a doubt of my own, which is submitted to the opinion of the learned." This "doubt" is evidently shared in, by Hawkins; see 2 Hawkins P. C. 529, 530; and has at last been resolved into certainty, so far as the English law is concerned, by the decision of fourteen of the Judges of England in *Rex* v. *Plant and Birchenough*, 7 Car. & Payne, 575, 577; where it was held that a person who has been tried for felony as a principal, and acquitted, cannot plead that acquittal in bar of another indictment, which charges him with being an accessory before the fact to the same felony.

Upon the whole we are inclined to follow the decision in *Rex* v. *Birchenough*. It has been questioned whether any distinction should ever have been made in law between a principal and an accessory before the fact; see 1 Bishop on Criminal Law, sec. 616; but the distinction has now become so thoroughly established that it will hardly be contended that anything short of a legislative enactment should be permitted to abrogate it. The question, whether the respondent, when upon trial for larceny, was put in jeopardy for the offence now charged, is to be determined in view of the practical construction of the law by the courts, rather than by an inquiry into the intrinsic reasonableness of that construction. The application of the former test leaves little doubt, for it is the general doctrine that a person indicted as principal cannot be convicted upon evidence tending merely to prove him an accessory before the fact; 1 Bishop on Criminal Law, sec. 608; and *e converso*, it has been held that a person indicted as an accessory before the fact, cannot be convicted upon proof that he was a principal; *Rex* v. *Gordon*, 1 East P. C. 352. Such being the rules of construction applied by the courts to indictments, it follows that the respondent could not upon the previous indictment for larceny have been convicted upon proof of the offence with which he is now charged; nor can he under the present indictment for being an accessory before the fact be convicted of the offence with which he was charged in the former indictment. He was in no danger then of being convicted of the crime with which he is charged now; and he is in no danger now of being convicted of the crime with which he was charged then. See *State* v. *Sias*, 17 N. H. 558; 2 Lead. Crim. cases 555.

If the respondent had been convicted of the larceny, it might have been urged that, although the conviction could not have been obtained upon proof merely that he was an accessory before the fact, yet it must be conclusively presumed that the same proof which showed him a principal showed him also to be an accessory before

the fact.    As the respondent was not convicted of the larceny, it is unnecessary to decide whether this presumption is well founded, but it seems to us now, something more than doubtful.    To prove a man a principal it is not always necessary to show him an accessory before the fact.    Even Lord Hale says, " an acquittal of a man as an accessory before, or after, is no bar to a subsequent prosecution against him as principal ;" 1 Hale's P. C. 625 ; proof that Larkin stole the money would have been sufficient under the first indictment, without proving also that he incited or assisted Ann M. Elliott to steal it. The inciting and assisting Ann M. Elliott to steal is not a necessary integral part of the act of stealing charged in the first indictment to have been committed by the respondent himself.

The respondent and counsel have probably been misled by sec. 552 of Wharton's Amer. Crim. Law, where it is said " an acquittal, as an accessory is a bar to an indictment as principal, and *e converso.*" The author refers to Hale, Foster, Hawkins, *Rex* v. *Plant*, and to one other case which has no bearing that we are able to discover. The first of these two propositions is denied by all three of the writers referred to ; the second, which is the one now under consideration, is supported by Hale, doubted by Foster and Hawkins, and overruled in *Rex* v. *Plant.*

The other question presented by this case is, whether a conviction for receiving stolen goods is a bar to a subsequent prosecution for being an accessory before the fact to the stealing of the same goods.    We think it clear that it is not a bar.    The two offences are entirely distinct.    Although both relate to the same property, the acts necessary to constitute the offences are not the same ; and, indeed, are necessarily separate in point of time.    An acquittal as accessory before, or as principal, is no bar to an indictment as accessory after ; 1 Hale's P. C., 626 ; and the receiver stands somewhat in the same position as an accessory after.    If the respondent chose, by separate acts, to commit two distinct crimes, he cannot complain if he receives the punishment allotted by law to each

*Case discharged.*