217 P.2d 262

**STATE v. GOODSON.**

No. 5265.

Supreme Court of New Mexico.

April 15, 1950.

Joe L. Martinez, Atty. Gen., W. R. Kegel, Asst. Atty. Gen., for appellant.

Richard H. Robinson, Carlsbad, for appellee.

McGHEE, Justice.

The question for decision is whether a plea of guilty and sentence in the court of a justice of the peace on a charge of assault and battery is a bar to a subsequent prosecution on an information charging rape by force on the female who filed the complaint in the justice court.

Shortly after the information was lodged in the District Court the defendant, appellee here, filed a motion to dismiss upon the ground that he had theretofore entered a plea of guilty to a charge of assault and battery filed against him in the justice court of Precinct No. 1, Eddy County, growing out of the same facts as in the present case, and had been sentenced to serve 60 days in jail and to pay a fine of $100.

The state and defendant entered into the following stipulation:

"(a) That the charge in the information filed herein is 'rape by force' and grew out of the same transaction wherein the defendant herein was charged with assault and battery in the Justice of the Peace Court, Precinct No. 1, Eddy County, New Mexico, to which charge the defendant entered a plea of guilty and was sentenced to serve 60 days in the Eddy County jail and was ordered to pay a fine in the sum of $100.00.

"(b) That had there been a trial of the assault and battery charge in the Justice of the Peace Court, Precinct No. 1, Eddy County, New Mexico, the facts submitted would have been the same as the facts submitted in the trial of the present case, plus the additional facts necessary to constitute the charge of rape."

The motion to dismiss was sustained and the state has appealed.

The Attorney General contends that a conviction by a justice of the peace of the offense of assault and battery is not a bar to a later prosecution for rape growing out of the same occurrence, where the justice of the peace had no jurisdiction over the crime of rape, and says assault and battery is not an offense necessarily included within the offense of rape, and is therefore not to be considered as the same offense.

Article 2, Section 15, of our Constitution provides that no person shall be twice put in jeopardy for the same offense.

The crime of rape is punishable by imprisonment in the penitentiary for not less than one year nor more than 99 years, while the penalty for assault and battery is limited to a fine of not less than $5 or a jail sentence of not more than 60 days, or both. On a charge of rape a justice of the peace has jurisdiction only to bind a person charged with such offense over to the district court, while the trial of an assault and battery charge is within his jurisdiction.

While the questions involved are before this court for the first time there have been many such cases in other jurisdictions, and the courts of those states are in hopeless conflict.

We find the general rule is stated in 1 Wharton's Criminal Law, Twelfth Edition, Sec. 394, as follows: "And a conviction of a lesser offense bars a subsequent prosecution for a greater offense, in all those cases where the lesser offense is included in the greater offense, and vice versa. But a former trial and acquittal or conviction will not be a bar to a subsequent prosecution, unless the defendant could have been convicted on the same evidence in the former trial, of the offense charged in the subsequent trial. An acquittal or conviction for a minor offense included in a greater will not bar a prosecution for the greater if the court in which the acquittal or conviction was had was without jurisdiction to try the accused for the greater offense."

See also 44 A.J. "Rape", Sec. 38, for a statement of the varying views of the courts.

■ In State v. Rose, 89 Ohio St. 383, 106 N.E. 50, 51, L.R.A.1915A, 256, the court overruled an argument almost identical to the one adopted by the trial court in this case. There the defendant had been tried in the probate court on a charge of contributing to the delinquency of a minor, and the jury was discharged over the objection of the defendant without reaching a verdict. The defendant was later indicted on a charge of rape without consent of the same juvenile, and upon substantially the same set of facts as were involved in the former charge. In Ohio the charge of contributing to the moral delinquency of a minor was within the jurisdiction of Probate Court, while the charge of rape was within the exclusive jurisdiction of the Court of Common Pleas. The court held: "The probate court was wholly without jurisdiction to try the charge of rape, hence the defendant could never have been in jeopardy on the charge of rape in the probate court; for to be in jeopardy there must not only be a sufficient legal charge, but a sufficient jurisdiction to try the charge."

■ The contention that an assault and battery is necessarily a part of rape by force, and that therefore his former conviction of assault and battery is a bar to his prosecution for rape by force, was answered in that case as follows: "The words 'same offense' mean same offense, not the same transaction, not the same acts, not the same circumstances or same situation. *There is but one offense that is the same offense as 'rape,' and that is 'rape.'* We have no trouble with the plain purpose and manifest meaning of these words of the Constitution. He who runs may not only read but clearly understand." We approve and adopt such statement as the law in this case.

Another Ohio case very similar to the case at bar is Crowley v. State, 94 Ohio St. 88, 113 N.E. 658, L.R.A.1917A, 661. There the defendant entered a plea of guilty to the offense of assault and battery before a Mayor who had jurisdiction over that offense. He was subsequently convicted in the Court of Common Pleas of the crime of assault with intent to rape. The two charges grew out of the same transaction. The defendant asserted that the test to be used as to whether there was former jeopardy was whether the facts alleged in the indictment in the common pleas court, if proven to be true, would have warranted a conviction of the first charge. This contention was rejected and it was held that as the Mayor's court did not have jurisdiction over the offense of assault with intent to commit rape there had been no jeopardy.

In the case of State v. Pearson, 49 R.I. 386, 143 A. 413, 415, the defendant was con-

victed of rape and raised as a defense the fact that he had been acquitted in the District Court of the crime of assault based upon the same transaction. The court said: "In this connection it is to be noted that the district court had no jurisdiction of the crime of rape, of which defendant was convicted. The Constitution of this state (article 1, § 7) provides that 'no person shall, after an acquittal, be tried for the same offense.' The acquittal of the assault, a minor part of the more serious offense, by a court without jurisdiction over the latter, is no bar to a prosecution for the greater offense."

Other cases making like holdings are State v. Holm, 55 Nev. 468, 37 P.2d 821, and Commonwealth v. McCan, 277 Mass. 199, 178 N.E. 633, 78 A.L.R. 1208.

The following cases involve offenses other than rape but are bottomed on the same principle and reach the same results: Diaz v. U.S., 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500, Ann.Cas.1913C, 1138; Commonwealth v. Bergen, 134 Pa.Super. 62, 4 A.2d 164; State v. Dickson, 200 Iowa 17, 202 N.W. 225; Bowman v. State. 160 Tenn. 305, 23 S. W.2d 658, and People v. Townsend, 214 Mich. 267, 183 N.W. 177, 16 A.L.R. 902.

The defendant cites many cases from other jurisdictions, principally California, holding to the contrary, but we believe the cases holding against the contentions of the defendant are better reasoned and declare a sounder rule of law. Two of the California cases upon which the defendant strongly relies are from the District Court of Appeals and are by a divided court. In addition the decisions from that state appear to have been influenced by their statute which provides that a former conviction or acquittal is a bar to another indictment or information for the offense charged in the former, or for an attempt to commit the same, or for an offense necessarily included therein of which he might have been convicted under that indictment or information.

Reason and logic do not support a rule whereby one guilty of the crime of rape may escape a possible sentence of 99 years in the penitentiary by the expedient of pleading guilty to a charge of assault and battery in a justice court where the penalty may be as low as a fine of $5.00.

We conclude that the trial court erred in sustaining the plea of former jeopardy, and the judgment will, therefore, be reversed and the cause remanded to the District Court with instructions to set aside such judgment, enter an order denying the motion and then proceed with the case in due course.

It is so ordered.

BRICE, C. J., and LUJAN, SADLER and COMPTON, JJ., concur.