423 P.2d 45

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Elias CISNEROS, Defendant-Appellant.**

**No. 8097.**

Supreme Court of New Mexico.

Jan. 23, 1967.

Joc A. Duran, Albuquerque, for appellant.

Boston E. Witt, Atty. Gen., Gary O'Dowd, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

HENSLEY, Chief Judge, Court of Appeals.

The appellant was arrested on July 19, 1961, and charged with two counts of incest. Preliminary hearing was held on the same day. On July 20, 1961, an information was filed in the district court charging in two counts the alleged incestuous acts with two daughters. On July 21, 1961, the appellant was arraigned in District Court. A plea of not guilty was entered and the appellant requested that an attorney be appointed for him. On August 31, 1961, the trial court appointed counsel for the appellant. The cause was tried on October 5, 1961, and the appellant was sentenced on the same day. On January 18, 1966, the appellant filed a motion in the District Court of Bernalillo County, being the sentencing court, to vacate the sentence on the ground that he had not been advised of his right to counsel as required by § 41–3–1, N.M.S.A., 1953, and the applicable amendments to the Constitution of the United States. The appellant's motion was further predicated upon the trial court's submission of only two verdicts to the jury, one finding the appellant guilty of Counts I and II, and the other finding the appellant not guilty. On January 21, 1966, the District Judge entered an order appointing counsel for the appellant and fixing the date for hearing to be held February 14, 1966. On February 17, 1966, the district court entered an Order denying the Motion and a further Order granting an appeal in forma pauperis.

The Motion having been filed in the district court subsequent to January 1, 1966, must be treated as having been filed pursu-

ant to Rule 93 of the Rules of Civil Procedure for the District Court of New Mexico.

█ The appellant first says that his constitutional rights were denied in that he did not have the benefit of counsel at the preliminary hearing nor at his arraignment in district court. That objection has been raised before in this court and was answered in Sanders v. Cox, 74 N.M. 524, 395 P.2d 353, cert. denied, 379 U.S. 978, 85 S.Ct. 680, 13 L.Ed.2d 569; Sanders v. Cox, 10 Cir., 359 F.2d 782; Gantar v. Cox, 74 N.M. 526, 395 P.2d 354; Sneed v. Cox, 74 N.M. 659, 397 P.2d 308. In those cases we held that the right to counsel at the preliminary hearing can be competently and intelligently waived and in doing so the constitutional rights of the accused will not be abridged. The same is equally true concerning the right to counsel at the arraignment in the district court. Here the defendant was afforded competent counsel for trial. The facts in this case call for the application of the conclusion reached in Sanders v. Cox, supra. The appellant claims that his constitutional rights were violated. Beyond the mere fact of the claim there is no showing of prejudice. We find no deprivation of constitutional rights, no prejudice visited upon this appellant, and no merit in this contention.

The appellant next contends that he was greatly prejudiced by the forms of verdict submitted to the jury. The appellant was charged in one information with two separate counts of incest. The forms of verdicts submitted by the court to the jury were as follows:

"VERDICT

We, the jury, find the defendant guilty on Counts I and II in the manner and form as charged in the information.

_____

Foreman

VERDICT

We, the jury, find the defendant not guilty.

_____

Foreman"

It should be noted that the entire record in this case is not before this court. We do not have the benefit of the instructions given to the jury. In State v. Reed, 55 N.M. 231, 230 P.2d 966, we stated:

"It is well settled that if there is any doubt about a verdict this court is entitled to interpret the verdict by reference to the whole record and particularly by reference to the instructions given by the lower court."

The trial court had the benefit of the record and found that no fundamental error had been committed.

█ The practice of submitting a separate form of verdict for each count charged in an information or indictment should be followed. There could be a serious question arising in the event of an error in the record affecting one count. In such a case, the judgment of conviction would have to be set aside in

toto. See United States v. Crescent-Kelvan Co. et al., 164 F.2d 582 (3d Cir. 1948). There was no fundamental error in submitting the forms of verdicts as was done here although we do not believe it to be the better practice. Further, the sentence that was imposed in this case did not exceed the maximum which could have been imposed for conviction on one count only. The appellant has suffered no prejudice. See Sinclair v. United States, 279 U.S. 263, 49 S.Ct. 268, 73 L.Ed. 692.

The order appealed from is in all respects affirmed.

It is so ordered.

CHAVEZ, C. J., and NOBLE, MOISE and CARMODY, JJ., concur.