432 P.2d 264

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Louis Lee ROBINSON, Defendant-Appellant.**

**No. 8344.**

Supreme Court of New Mexico.

Oct. 2, 1967.

David L. Norvell, Clovis, for appellant.

Boston E. Witt, Atty. Gen., Gary O. O'Dowd, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Judge, Court of Appeals.

Defendant was denied post-conviction relief under § 21–1–1(93) N.M.S.A.1953 (Interim Supp.1966). In his appeal he asserts (1) that he was denied counsel when taken before the justice of the peace and (2) that he was not given and did not waive a preliminary hearing.

Defendant pleaded not guilty at his arraignment in district court. He was tried and found guilty by a jury. He was represented by counsel at arraignment and trial. He does not claim that his counsel was incompetent.

Absent a showing of prejudice, the plea at arraignment waived prior defects in the proceedings. Thus, by the plea: (1) he waived the claim that he was denied counsel in the proceedings prior to arraignment, State v. Cisneros, 77 N.M. 361, 423 P.2d 45 (1967); State v. Black-well, 76 N.M. 445, 415 P.2d 563 (1966); Sanders v. Cox, 74 N.M. 524, 395 P.2d 353 (1964); and (2) he waived his right to a preliminary hearing. State v. Darrah, 76 N.M. 671, 417 P.2d 805 (1966); State v. Blackwell, supra; Sanders v. Cox, supra.

Here, while prejudice is claimed, it is not shown. Thus, defendant fails to set forth a basis for post-conviction relief. State v. Cisneros, supra; State v. Raburn, 76 N.M. 681, 417 P.2d 813 (1966); Sanders v. Cox, supra.

The order denying relief is affirmed.

It is so ordered.

NOBLE and MOISE, JJ., concur.