442 P.2d 817

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Manuel Jimmy MARES, Defendant-Appellant.**

**No. 137.**

Court of Appeals of New Mexico.

June 14, 1968.

·. George M. Murphy, Rowley, Hammond, Murphy & Rowley, Clovis, for defendant-appellant.

Boston E. Witt, Atty. Gen., Donald W. Miller, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

OMAN, Judge.

This is an appeal from an order denying defendant's motion under Rule 93 [§ 21–1-1(93), N.M.S.A. 1953 (Supp.1967)]. He was granted a hearing on his motion and was returned from the State Penitentiary to Clovis, New Mexico, for the hearing. He produced witnesses, but elected not to testify personally in support of his motion.

All the factual issues were resolved against him, and the court's findings of fact are not in question. The sole question before us is whether or not he is entitled to be relieved of his conviction and sentence to the penitentiary for armed robbery, because he was previously tried and convicted in the justice of the peace court of receiving stolen property, to wit, a ten dollar bill, contrary to the provisions of § 40A–16–11, N.M.S.A.1953. At the hearing on his Rule 93 motion the court found this ten-dollar bill was a part of the money taken by defendant in the armed robbery.

The offense of which he was convicted in the justice of the peace court was a petty misdemeanor, and he was sentenced to thirty days in jail. Armed robbery is a second degree felony punishable by imprisonment in the penitentiary for a term of not less than ten years nor more than fifty years, or the payment of a fine of not more than $10,000, or by both such imprisonment and fine. He is presently serving a sentence of ten to fifty years in the penitentiary.

At the trial on the misdemeanor charge, the State adduced evidence, and the defendant then made an announcement about having the ten-dollar bill. In his verified motion under Rule 93 defendant states he pleaded guilty to the charge of possession of stolen property, to wit, a ten dollar bill. In any event, he was found guilty by the justice of the peace of receiving stolen property and sentenced to thirty days in jail.

Initially defendant had been charged with armed robbery, but this charge was dismissed by the district attorney, because he felt the evidence then available was insufficient to convict. The charge of receiving stolen property, to wit, the ten-dollar bill, was then filed and defendant's conviction of this charge in the justice of the peace court was entered on March 30, 1966. On May 20, 1966, he was again charged with armed robbery and was subsequently convicted.

His positions are (1) that he could not be charged with armed robbery, after having been convicted of receiving stolen property, to wit, the ten-dollar bill, because he could not be both the thief and the receiver from the thief, and (2) that since both the receiving charge and the robbery charge involved the ten-dollar bill, his constitutional guarantee against double jeopardy was violated.

As to his first contention, we find the same to be without merit. The dismissal of the armed robbery charge by the district attorney in no way precluded the district attorney from subsequently informing against and prosecuting him for the same offense. State v. Rhodes, 77 N.M. 536, 425 P.2d 47 (1967). The fact that he pleaded guilty, or at least indicated his guilt and was thereupon convicted of receiving stolen property, which property later turned out to be a portion of the property taken by him in the armed robbery, in no way clothed him with immunity from being charged, tried and convicted of the far more serious offense of which he was guilty. See State v. Larkin, 49 N.H. 36, 6 Am.Rep. 456 (1869). The facts necessary to sustain a conviction of receiving stolen property could not possibly sustain a conviction of armed robbery, which is essential to make a prior conviction a bar to a subsequent prosecution and conviction for

a greater offense. State v. Goodson, 54 N.M. 184, 217 P.2d 262 (1950). Defendant not only could not have been convicted of armed robbery on the same evidence required for his conviction of receiving stolen property, but in addition, the justice of the peace court, although having jurisdiction over the petty misdemeanor, was without jurisdiction to try defendant for the felony of armed robbery. Unless the court, in which the acquittal or conviction of the minor offense was had, also had jurisdiction to try the accused for the greater offense, the acquittal or conviction of the minor offense will not bar a prosecution for the greater. State v. Goodson, supra; 1 F. Wharton, Criminal Law § 394 (12th ed. 1932).

The reasoning in the case of People v. Taylor, 4 Cal.App.2d 214, 40 P.2d 870 (1935), upon which defendant relies, is not applicable here. The factual situations are entirely different. There, the appellants were charged in two separate counts of the same information with burglary and receiving stolen property. The evidence showed that the same property which was taken in the burglary was that which they were charged with having received. The burglary convictions were affirmed and the receiving convictions reversed. But the basis of the court's opinion was:

> "* * * While it is proper to charge in separate counts both burglary and receiving stolen property, upon the conclusion of the introduction of evidence the jury should be given appropriate instructions defining and distinguishing the rules applicable, so as to avoid the mistake of finding the accused guilty of receiving from himself property stolen by him during the commission of a burglary."

See the recent case of Thomas v. State, 2 Md.App. 645, 236 A.2d 747 (1968), in which like inconsistent verdicts were returned.

This is entirely different from the defendant's position here, wherein he contends, by having been convicted in the justice of the peace court of the petty misdemeanor of receiving stolen property, he acquired immunity from prosecution and conviction of the felony of armed robbery in the district court.

We are also of the opinion that the offenses of receiving stolen property and armed robbery fail to fall within the prohibition against punishment for more than one offense as announced in State v. Quintana, 69 N.M. 51, 364 P.2d 120 (1961), because the criminal intent essential to the felony of armed robbery is not an essential element of the petty misdemeanor of receiving stolen property. The fact, that it subsequently developed that the ten-dollar bill was secured by defendant in an armed robbery, could not change the fact that the essential criminal intent of the two offenses are not the same. The offense of receiving stolen property cannot be included within the offense of armed robbery. See Territory v. Graves, 17 N.M. 241, 125 P. 604 (1912).

As to his second contention, that since both the receiving charge and the robbery charge involved the ten-dollar bill, his constitutional guarantee against double jeopardy was violated, we are of the opinion that this contention is also without merit. The plea of double jeopardy is unavailing, unless the offense to which it is interposed is the same in law and in fact as the prior one under which defendant was placed in jeopardy. Bartlett v. United States, 166 F.2d 928 (10th Cir.1948); State v. Martinez, 77 N.M. 745, 427 P.2d 260 (1967); Owens v. Abram, 58 N.M. 682, 274 P.2d 630 (1954); State v. Goodson, supra. See also State v. Simmons, 98 N.J. Super. 430, 237 A.2d 630 (1968); Jones v. Commonwealth, 208 Va. 370, 157 S.E.2d 907 (1967).

The case of Beaman v. State, 69 Okl. Cr. 455, 104 P.2d 260 (1940), relied upon by defendant, is not to the contrary.

It follows from what has been said that the order denying the motion should be affirmed. It is so ordered.

WOOD and ARMIJO, JJ., concur.