442 P.2d 795

**STATE of New Mexico, Plaintiff-Appellee,**
v.
**Kenneth Van HELM, Defendant-Appellant.**
**No. 8520.**

Supreme Court of New Mexico.
July 8, 1968.

Roberto L. Armijo, Las Vegas, for defendant-appellant.

Boston E. Witt, Atty. Gen., Roy G. Hill, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

SPIESS, Chief Judge, Court of Appeals.

Kenneth Van Helm on two occasions petitioned the trial court for release from custody by motions pursuant to Rule 93, § 21-1-1 N.M.S.A.1953. His first motion was filed July 7, 1966, and after hearing was denied by the trial court January 12, 1967.

The second Rule 93 motion was filed March 28, 1967, and denied without hearing June 13, 1967. This appeal is from the denial of the second motion.

Appellant has raised four points on appeal. In substance they are: (1) that he was held in custody for twenty-one days without charge, warrant, or complaint; (2) that he was not admitted to bail during this period; (3) that his counsel was inadequate and his representation pro forma in that he was advised by his counsel that if he did not plead guilty and a jury found him guilty he would be informed against as an habitual criminal and (4) that the trial court took into consideration his criminal record before imposing sentence.

None of these contentions have any merit. Appellant's assertion that he was arrested without warrant and held in custody for twenty-one days before being taken before a committing magistrate presents no basis for relief under Rule 93, first, because there is no showing that the delay deprived appellant of a fair trial or that he was prejudiced in any way. State v. Henry, 78 N.M. 573, 434 P.2d 692 (1967), and second, because appellant was convicted upon his voluntary plea of guilty and irregularities, if any, occurred prior to the entry of the plea and are not grounds for collateral attack of the judgment and sentence under the rule. State v. Knerr, 79 N.M. 133, 440 P.2d 808, decided April 25, 1968.

The failure to set bond like delay in bringing appellant before a magistrate was waived by the entry of a plea of guilty. State v. Gibby, 78 N.M. 414, 432 P.2d 258. This contention likewise presents no basis for relief under Rule 93. See State v. Selgado, 78 N.M. 165, 429 P.2d 363, 365 (1967) wherein we said: "The denial of a naked constitutional right does not invalidate all subsequent proceedings."

State v. McCain, 79 N.M. 197, 441 P.2d 237, decided May 9, 1968, in our opinion disposes of appellant's third point regarding the inadequacy of counsel. In McCain it was held the fact that counsel advises his client to plead guilty to the end that other charges may not be asserted against him is not an indication of incompetence. Likewise, a general claim of pro forma representation provides no basis for relief. State v. Apodaca, 78 N.M. 412, 432 P.2d 256 (1967). The burden of sustaining a claim of pro forma representation rests on appellant. State v. Hudman, 78 N.M. 370, 431 P.2d 748 (1967), and this burden appellant has failed to sustain.

There is clearly no merit to appellant's fourth point.

It is proper for a trial court to take into consideration the criminal record of one upon whom sentence is to be imposed.

The order denying post conviction relief is affirmed.

It is so ordered.

CHAVEZ, C. J., and COMPTON, J., concur.