445 P.2d 585

Rita Theresa McKEOUGH and Donald J. McKeough, Plaintiffs-Appellants,

v.

Roldon RYAN, Defendant-Appellee.

No. 8570.

Supreme Court of New Mexico.

Sept. 9, 1968.

Rehearing Denied Oct. 14, 1968.

Charles Driscoll, Lorenzo A. Chavez, Melvin L. Robins, Albuquerque, for plaintiffs-appellants.

Iden & Johnson, Richard G. Cooper, Albuquerque, for defendant-appellee.

OPINION

NOBLE, Justice.

Rita Theresa McKeough sought damages for personal injuries sustained as a result of a rear-end collision. She has appealed from a directed verdict on the ground that she was contributorily negligent as a matter of law.

Briefly, the undisputed facts are that between 6:00 and 6:30 in the evening of December 22, 1965, the plaintiff brought her car to a stop in the middle of the block on the south side of Indian School Road in Albuquerque—that is, not at an intersection where a left turn is permitted. Her direction signal was indicating a left turn. The street has three traffic lanes in each direction, the center of the street being marked by two yellow lines. She testified that she stopped in the lane nearest the center division intending to cross the yellow lines to enter a parking lot. Defendant, following her, struck the rear of plaintiff's car while she was stopped.

Defendant's motion for a directed verdict because of plaintiff's contributory negligence as a matter of law admits his

negligence for the purpose of the motion. The defendant argues that the directed verdict was proper because the undisputed evidence shows that the plaintiff was violating either a state statute or a municipal ordinance which was a proximate cause of the accident, and was, accordingly, negligent per se. We cannot agree that the record before us supports this contention.

 Strong reliance is placed upon an ordinance of the City of Albuquerque making it unlawful to stop a vehicle on the street so as to obstruct the free use of the street. It is clear that one who violates a statute or ordinance is guilty of negligence per se. Bouldin v. Sategna, 71 N.M. 329, 378 P.2d 370. The record before us, however, is completely silent respecting the ordinance claimed to have been violated. The ordinance was neither pleaded nor offered in evidence. We do not find that the ordinance relied upon is included in the transcript and, accordingly, cannot be considered by us on appeal. Supreme Court Rule 14(1) (§ 21–2–1(14) (1), N.M.S.A. 1953); Richardson Ford Sales v. Cummins, 74 N.M. 271, 393 P.2d 11; State v. Edwards, 54 N.M. 189, 217 P.2d 854. We will not take judicial notice of municipal ordinances. General Services Corp. v. Bd. of Comm'rs, 75 N.M. 550, 408 P.2d 51. Compare Srader v. Pecos Constr. Co., 71 N.M. 320, 378 P.2d 364, where the ordinance was pleaded and its existence admitted by all parties.

 The defendant also claims that the plaintiff was contributorily negligent as a matter of law because of her violation of § 64–18–18, N.M.S.A.1953, reading:

"Whenever any highway has been divided into two [2] roadways by leaving an intervening space or by a physical barrier or clearly indicated dividing section so constructed as to impede vehicular traffic, every vehicle shall be driven only upon the right-hand roadway and no vehicle shall be driven over, across, or within any such dividing space, barrier, or section, except through an open-

ing in such physical barrier or dividing section or space or at a crossover or intersection established by public authority."

It is argued that a proper construction of this statute makes it unlawful to drive a vehicle across the yellow lines indicating a dividing section between the two roadways of the divided street. However, it is undisputed that the plaintiff's car was standing still in her right-hand roadway and that at the time of the collision no part of her automobile had crossed any intervening space, physical barrier, or dividing section of the roadway. Her mere intention to cross the dividing line, even if such a crossing would violate the statute, does not constitute a violation of it. Certainly negligence cannot be predicated upon a mere intention to do a prohibited act. See Danley v. Cooper, 62 Wash.2d 179, 381 P.2d 747. Because the plaintiff did not cross the center line of the street, we need not interpret the language of the statute.

Finally, the defendant argues that Guerin v. Thompson, 53 Wash.2d 515, 335 P.2d 36; Danley v. Cooper, supra; Mrs. Baird's Bakeries, Inc. v. Roberts, 360 S.W. 2d 850 (Tex.Civ.App.1962, writ ref., n. r. e.); and Boggus v. Miller, 388 S.W.2d 240 (Tex.Civ.App.1965, writ ref., n. r. e.), support his contention that the stopping in the street with intention to cross the dividing line amounted to contributory negligence as a matter of law. Those cases are all distinguishable upon their facts. None of them support defendant's position. A State of Washington statute applicable in both Guerin v. Thompson, supra, and Danley v. Cooper, supra, prohibited stopping on the traveled portion of the highway except under conditions not present in either case. Neither party in the present case contends that § 64–18–49, N.M.S.A.1953, which prohibits the stopping, standing, or parking on a highway outside of a business or residence district, is applicable to this case. In addition, Washington also has a statute similar in language to our § 64–18–18, supra. The Washington deci-

sions held that the plaintiff was negligent per se in stopping the vehicle in violation of a statute unless there was justification therefor; and stopping for the purpose of making an illegal left turn across the dividing line failed to supply the requisite justification. In both Mrs. Baird's Bakeries, Inc. v. Roberts, supra, and Boggus v. Miller, supra, there had been an actual crossing of the dividing line contrary to the statute.

■ . Of course, stopping her car where she did may have been negligence under the circumstances, but absent a showing in the record of a violation of a statute or ordinance, the question of whether her action amounted to contributory negligence was one of fact to be determined by the trier of the facts.

It follows that the directed verdict complained of was error requiring reversal. The case will, therefore, be remanded with direction to vacate the directed verdict and the judgment entered pursuant thereto; to reinstate the case on the docket; and, to proceed further in a manner not inconsistent with this opinion.

It is so ordered.

COMPTON and CARMODY, JJ., concur.