475 P.2d 462

**Thomas Daniel MILLER, Plaintiff-Appellant,**

v.

**The STATE of New Mexico, Defendant-Appellee.**

**No. 500.**

Court of Appeals of New Mexico.

Sept. 25, 1970.

Neil C. Stillinger, Stillinger & Lunt, Santa Fe, for plaintiff-appellant.

James A. Maloney, Atty. Gen., Frank N. Chavez, Asst. Atty. Gen., Santa Fe, for defendant-appellee.

OPINION

OMAN, Judge.

Defendant appeals from the order denying his motion filed pursuant to Rule 93 [§ 21-1-1(93), N.M.S.A.1953 (Supp.1969)]. His conviction of possession of marijuana has heretofore been affirmed by this court. State v. Miller, 80 N.M. 227, 453 P.2d 590 (Ct.App.1969), cert. denied, 80 N.M. 198, 453 P.2d 219 (1969).

He relies upon two points for reversal, the first of which is: "THE TRIAL COURT ERRED IN ADMITTING INTO EVIDENCE HEARSAY TESTIMONY BY OFFICER ARTHUR SEDILLO THAT DEFENDANT WAS ENGAGED IN ILLEGAL MARIJUANA TRAFFIC."

The testimony referred to is the testimony of Officer Sedillo discussed in State v. Alberts, 80 N.M. 472, 457 P.2d 991 (Ct. App.1969). As stated in the opinion in that case, Miss Alberts and defendant were tried jointly. The conviction of Miss Alberts was reversed and the cause remanded for a new trial as to her, because of the improper admission into evidence of the testimony of Officer Sedillo

Although Miss Alberts and defendant were tried jointly, they were represented by different attorneys. Both of these attorneys are experienced and competent criminal trial lawyers. Defendant made no objection to the testimony of Officer Sedillo, and the point, upon which he now seeks to have his judgment of conviction vacated, was not raised by him in his direct appeal from that judgment. State v. Miller, supra. Even if we assume the error was properly raised and preserved on his behalf in the trial court, still he did not raise the question on appeal. Post-conviction proceedings are neither a substitute for an appeal nor a means for correcting trial errors which are properly and normally raised and corrected by appeal. State v. Garcia, 80 N.M. 21, 450 P.2d 621 (1969); State v. Blackwell, 79 N.M. 230, 441 P.2d 759 (1968); State v. Sanchez, 80 N.M. 688, 459 P.2d 850 (Ct.App.1969); State v. Se-

dillo, 79 N.M. 254, 442 P.2d 212 (Ct.App. 1968).

The error of the trial court in admitting Officer Sedillo's testimony into evidence was not sufficiently serious to bring this case within the realm of the "extreme cases" referred to in Malone v. United States, 257 F.2d 177 (6th Cir. 1958). Nor was the error so grave as to have deprived defendant of the fundamentally fair trial to which he was entitled. State v. Williams, 80 N.M. 63, 451 P.2d 556 (1969). Fundamental error, as defined and explained in Smith v. State, 79 N.M. 450, 444 P.2d 961 (1968), and State v. Travis, 79 N.M. 307, 442 P.2d 797 (Ct.App.1968), was not committed.

Defendant states in his brief in chief: "Certainly, incompetence of counsel may form a constitutional basis for a Rule 93 proceeding. * * *" The question of competency of counsel was not raised in the motion and was not presented to the trial court. Thus, this question cannot properly be raised for the first time on appeal. DeVilliers v. Balcomb, 79 N.M. 572, 446 P.2d 220 (1968); Wynne v. Pino, 78 N.M. 520, 433 P.2d 499 (1967). See also, State v. Gonzales, 80 N.M. 168, 452 P.2d 696 (Ct.App.1969).

In any event, there is nothing in the record which would support a claim that the proceedings leading to defendant's conviction were a sham, a farce or a mockery of justice. Therefore, a claim of incompetency of counsel is not sustainable. State v. Ramirez, 81 N.M. 150, 464 P.2d 569 (Ct. App.1970); State v. Chacon, 80 N.M. 799, 461 P.2d 932 (Ct.App.1969); State v. Baca, 80 N.M. 488, 458 P.2d 92 (Ct.App.1969).

In his second point relied upon for reversal, defendant contends: "THE EVIDENCE UPON WHICH PLAINTIFF WAS CONVICTED WAS OBTAINED AS THE RESULT OF AN ILLEGAL SEARCH AND SEIZURE."

Although defendant asserts he is aware that matters decided on direct appeal may not be relitigated in a Rule 93 proceeding, and that he is not now attempting to do so, it is apparent from a reading of the decision in State v. Miller, supra, that the precise question presented under defendant's Point 2 was considered in the direct appeal. The contention that the marijuana was obtained as a result of an illegal search and seizure was rejected, and defendant's conviction was upheld on the ground that the marijuana was obtained by the officer under the "open view" or "plain view" rule. Defendant now seeks to have us reverse our prior ruling and again consider his contention that the marijuana was seized as an incident to an illegal search and seizure. He may not properly convert a Rule 93 proceeding into another review of matters previously considered on appeal. State v. Blackwell, supra; Nance v. State, 80 N.M. 123, 452 P.2d 192 (Ct.App.1969).

The order denying defendant's motion should be affirmed.

It is so ordered.

WOOD and HENDLEY, JJ., concur.