483 P.2d 504

STATE of New Mexico, Plaintiff-Appellee,

v.

Leroy WOODS, Defendant-Appellant.

No. 630.

Court of Appeals of New Mexico.
March 19, 1971.

Leslie A. Williams, Tharp, Tharp & Williams, Clovis, for defendant-appellant.

David L. Norvell, Atty. Gen., Santa Fe, John A. Darden, Asst. Atty. Gen., for plaintiff-appellee.

**450**

## OPINION

SUTIN, Judge.

Woods was indicted and convicted of aggravated assault under § 40A–3–2, subd. A, N.M.S.A. 1953 (Repl. Vol. 6), which reads in part:

"Aggravated assault consists of unlawfully assaulting * * * another with a deadly weapon;"

Woods appeals. We affirm.

During an argument over Woods' conduct in another's home, Woods pulled a loaded gun out of his hip pocket, pointed it at the male prosecuting witness and said, "I will kill you now." The prosecuting witness immediately jumped up and ran from the home.

Woods contends there is no evidence that a crime, as defined by the court's instructions, was committed, and that the verdict is contrary to the weight of the evidence.

The trial court, as a means of definition, instructed the jury that " 'Assault' consists of an attempt to commit a battery upon the person of another." This is the definition of "assault" under § 40A–3–1, subd. A, N.M.S.A. 1953 (Repl. Vol. 6). The trial court also instructed the jury that " 'Unlawful' means contrary to law and without legal excuse or justification," and that the state must prove beyond a reasonable doubt "that Leroy Woods intentionally assaulted" the prosecuting witness. There were no objections to the instructions.

 In State v. Anaya, 79 N.M. 43, 439 P.2d 561 (Ct.App.1968), this court held that Anaya holding a gun, pointing it at two men, and asking for money, was sufficient to sustain a conviction of aggravated assault. Woods' conduct with a deadly weapon also falls within the definition of an unlawful assault as defined by the court.

In contending the verdict is contrary to the weight of the evidence, defendant points out that assault was defined as an attempt to commit a battery. He claims there is no evidence that he "attempted" a battery, which is defined in § 40A–3–4, N.M.S.A. 1953 (Repl. Vol. 6) as "the unlawful, intentional touching or application of force to the person of another, when done in a rude, insolent, or angry manner."

 The evidence supporting the conviction is that defendant pulled the loaded gun from his pocket and made the threat to kill after the complaining witness told defendant to desist from fondling the complaining witness' girl friend. This is substantial evidence of an attempt to apply force in either an insolent or angry manner.

The judgment and sentence are affirmed.

It is so ordered.

SPIESS, C. J., and WOOD, J., concur.