492 P.2d 1010

**Luis P. ANDRADA, Petitioner-Appellant,**

v.

**STATE of New Mexico, Respondent-Appellee.**

**No. 768.**

Court of Appeals of New Mexico.
Dec. 22, 1971.

Oliver H. Miles, Las Cruces, for petitioner-appellant.

David L. Norvell, Atty. Gen., James B. Mulcock, Asst. Atty. Gen., Santa Fe, for respondent-appellee.

## OPINION

HENDLEY, Judge.

Petitioner's conviction of aggravated burglary was affirmed in State v. Andrada, 82 N.M. 543, 484 P.2d 763 (Ct.App.1971). He now appeals from a denial of post-conviction relief, without hearing, pursuant to § 21–1–1 (93), N.M.S.A. 1953 (Supp.1971).

We affirm.

■ ■ Petitioner contends that he should not have been charged with and convicted of aggravated burglary; that the state failed to prove criminal intent; and, that he was intoxicated at the time the offense was committed and could not have had the requisite specific intent to commit aggravated burglary. None of these claims were raised by petitioner in his direct appeal. Post-conviction relief is not a method of obtaining consideration of those questions which should have been raised on appeal. Miller v. State, 82 N.M. 68, 475 P.2d 462 (Ct.App.1970). These contentions attack the sufficiency of the evidence to support the conviction. Sufficiency of the evidence does not provide a basis for post-conviction relief. State v. Hibbs, 82 N.M. 722, 487 P.2d 150 (Ct.App.1971); Herring v. State, 81 N.M. 21, 462 P.2d 468 (Ct.App. 1969).

■ Petitioner's assertion that the aggravation of the offense was prompted by discrimination against him because of his Mexican heritage does not present a claim since it is not set forth with adequate specificity or factual basis to afford relief. State v. Clark, Ct.App., 493 P.2d 969, 1971.

■■ Petitioner contends that the facts presented to establish aggravation of the offense were false. Petitioner has done no more than state a vague conclusion. Petitioner must allege a specific factual basis for the relief sought. State v. Guy, 79 N. M. 128, 440 P.2d 803 (Ct.App. 1968). To the extent this is a claim that defendant was convicted on prejudiced testimony, it states no basis for relief. State v. Hibbs, supra, and cases therein cited.

Since the record conclusively shows that petitioner was not entitled to an evidentiary hearing on his Rule 93 motion, the order denying post-conviction relief without hearing is affirmed. State v. Sanders, 82 N.M. 61, 475 P.2d 327 (1970).

Affirmed.

It is so ordered.

WOOD, C. J., and COWAN, J., concur.