501 P.2d 692

Leroy WOODS, Petitioner-Appellant,

v.

STATE of New Mexico, Respondent-Appellee.

No. 943.

Court of Appeals of New Mexico.

Sept. 15, 1972.

David W. Bonem, Quinn & Bonem, Clovis, for petitioner-appellant.

David L. Norvell, Atty. Gen., Ronald Van Amberg, Asst. Atty. Gen., Santa Fe, for respondent-appellee.

OPINION

WOOD, Chief Judge.

Petitioner's conviction for aggravated assault under § 40A–3–2(A), N.M.S.A.1953 (Repl.Vol. 6) was affirmed in State v. Woods, 82 N.M. 449, 483 P.2d 504 (Ct. App.1971). Subsequently, he moved for post-conviction relief under § 21–1–1(93), N.M.S.A.1953 (Repl.Vol. 4). Relief was denied without an evidentiary hearing and on the basis that the claims made in the motion were not claims for which relief could be granted under § 21–1–1(93), supra. Petitioner now appeals from the denial of post-conviction relief. The four claims asserted on appeal, and our answers, follow.

1. He claims there was a lack of substantial evidence to support his conviction for aggravated assault. An asserted insufficiency of the evidence is not a ground upon which postconviction relief may be obtained. Andrada v. State, 83 N. M. 393, 492 P.2d 1010 (Ct.App.1971); State v. Bonney, 82 N.M. 508, 484 P.2d 350 (Ct.App.1971). Further, this issue was raised, and decided adverse to petitioner, in State v. Woods, supra. Even if the sufficiency of the evidence was a cognizable issue in postconviction proceedings, it could not be relitigated after having been previously decided on appeal. Miller v. State, 82 N.M. 68, 475 P.2d 462 (Ct.App.1970).

2. He claims he was never given a preliminary hearing. The record in State v. Woods, supra, shows that petitioner was indicted by a grand jury. Thus, he did not have a right to a preliminary hearing.

State v. Burk, 82 N.M. 466, 483 P.2d 940 (Ct.App.1971), cert. denied, 404 U.S. 955, 92 S.Ct. 309, 30 L.Ed.2d 271 (1971).

3. He claims he was never taken before a magistrate and advised of his rights. See § 41–3–1, N.M.S.A.1953 (Repl.Vol. 6). He does not claim this prejudiced him in any way. The bare claim, without more, provides no basis for post-conviction relief. State v. Helm, 79 N.M. 305, 442 P.2d 795 (1968); Barela v. State, 81 N.M. 433, 467 P.2d 1005 (Ct. App.1970). Further, when arraigned in district court, and while represented by counsel, he pled not guilty and proceeded to trial without asserting this claim. By so doing, he waived this asserted defect. State v. Robinson, 78 N.M. 420, 432 P.2d 264 (1967).

4. He claims he has been subjected to double jeopardy as follows: ". . . He was arrested on this same charge and remained in jail for four 4 days, and was find [sic] fifty, 50.00 and put back to work on his job, and was ree [sic] arrested after paying his fine. And charged all over again for the same offense of assault . . . this is Double Jeopardy. . . ."

In arguing this fourth claim, both petitioner and the State refer to a "first" conviction for assault in the municipal court of Clovis, New Mexico, and the "second" conviction for aggravated assault affirmed in State v. Woods, supra. We do not know how Clovis may define "assault" in its ordinance; thus, we cannot say that the "assault" for which petitioner alleges he was first convicted was not a lessor offense included within the aggravated assault of § 40A–3–2, supra. Compare State v. Duran, 80 N.M. 406, 456 P.2d 880 (Ct. App.1969).

State v. Goodson, 54 N.M. 184, 217 P.2d 262 (1950) approved the rule that an acquittal or conviction for a minor offense included in a greater will not bar a prosecution for the greater if the court in which the acquittal or conviction was had was without jurisdiction to try the accused for

the greater offense. This rule was applied in State v. Mares, 79 N.M. 327, 442 P.2d 817 (Ct.App.1968). Under this rule, petitioner would not have been in double jeopardy by the second conviction of aggravated assault because the Clovis municipal court had no jurisdiction to try that offense.

However, the Supreme Court of the United States, by Chief Justice Burger, held this rule to be erroneous in Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L. Ed.2d 435 (1970), reh. denied, 398 U.S. 914, 90 S.Ct. 1684, 26 L.Ed.2d 79 (1970). Thus, under *Waller,* supra, the prior conviction in municipal court may be a bar to subsequent prosecution in district court under the constitutional prohibition against double jeopardy.

■ Whether such a bar exists depends on the facts. If the factual basis for the alleged conviction for assault in municipal court (if in fact there be one), and the factual basis for the aggravated assault conviction differ, then there would be no double jeopardy. State v. Goodson, supra; State v. Anaya, 83 N.M. 672, 495 P.2d 1388 (Ct.App.1972); State v. Gleason, 80 N.M. 382, 456 P.2d 215 (Ct.App.1969); State v. Mares, supra.

■ The claim of double jeopardy goes outside the record in State v. Woods, supra, and thus the "files and records of the case" do not conclusively show Woods is not entitled to relief under that claim. He is entitled to an evidentiary hearing on that claim, § 21–1–1(93), supra, where the burden will be on him to prove a factual basis showing double jeopardy. State v. Gorton, 79 N.M. 775, 449 P.2d 791 (Ct. App.1969).

The order denying relief without an evidentiary hearing is affirmed as to all claims except the double jeopardy claim. The order denying relief on the double jeopardy claim is reversed, and as to that claim alone, the cause is remanded for an evidentiary hearing.

It is so ordered.

HERNANDEZ, J., concurs.

SUTIN, J., specially concurring.

SUTIN, Judge (specially concurring).
I specially concur in the majority opinion.

At the time of the hearing in the district court, the burden will be on Woods, not only "to prove a factual basis showing double jeopardy," but he must prove, (1) the legal existence of a municipal court in Clovis, New Mexico; (2) its jurisdiction to try Woods for assault; (3) the ordinance under which Woods pled guilty; (4) the municipal court record of the conviction and sentence.

This court does not take judicial notice of these matters. Section 21–1–1(44)(d), N.M.S.A.1953 (Repl.Vol. 4); McKeough v. Ryan, 79 N.M. 520, 445 P.2d 585 (1968).

Article VI, § 1 of the New Mexico Constitution provides in part that the judicial power of the state "shall be vested [in] . . . such other courts inferior to the district courts as may be established by law from time to time in any . . . municipality of the state." To me, this means that municipalities have the power to create municipal courts. This is the reason that the ordinance creating the municipal court in Clovis, New Mexico, be introduced in evidence.

In *Waller,* cited in the majority opinion, the Constitution of Florida granted judicial power also in municipal courts to be established by the legislature. This abolished the "separate sovereignty theory," a theory which need not be discussed here, because a trial in a municipal court "springs from the same organic law that created the state court of general jurisdiction in which petitioner was tried and convicted of a felony."

By reason of *Waller,* State v. Goodson, 54 N.M. 184, 217 P.2d 262 (1950), and State v. Mares, 79 N.M. 327, 442 P.2d 817 (Ct.App.1968), are overruled subject to review in the Supreme Court.

The state should seek a review in the Supreme Court by writ of certiorari. In

State v. Paul, 80 N.M. 746, 461 P.2d 228 (1969), the Supreme Court held that the state, under § 21–10–2.1(B), N.M.S.A.1953 (Repl.Vol. 4), had no right to review a decision of the Court of Appeals in a criminal action by writ of certiorari.

However, Laws of 1972, ch. 71, § 1, amended § 16–7–14, N.M.S.A.1953 (Repl. Vol. 4). It granted the Supreme Court jurisdiction to review by writ of certiorari to the Court of Appeals any criminal matter in which the decision of the Court of Appeals is in conflict with a decision of the Supreme Court.