492 P.2d 1009

**STATE of New Mexico, Appellee,**

v.

**Jackie D. JAMESON, Appellant.**

No. 796.

Court of Appeals of New Mexico.

Dec. 22, 1972.

———◆———

Mel B. O'Reilly, Jay W. Forbes, McCormick, Paine & Forbes, Carlsbad, for appellant.

David L. Norvell, Atty. Gen., James B. Mulcock, Jr., Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

SUTIN, Judge.

Jameson pleaded guilty to three counts of burglary. Section 40A–16–3, N.M.S.A. 1953 (Repl.Vol. 6). The record shows he made this plea willingly with advice of counsel. Sentence was passed, and Jameson appeals.

We affirm.

The trial court sentenced Jameson as follows:

Not less than one year nor more than five years on Count 1, not less than one year nor more than five years on Count 2, to run *consecutively* to term imposed on Count 1 and not less than one year

nor more than five years on Count 3, to run concurrently with term imposed on Count 2. [Emphasis added.]

Jameson claims his constitutional rights were denied because the trial court demonstrated bias and prejudice. Prior to his election to enter a guilty plea, Jameson read and signed an affidavit explained to him by his attorney which fully advised him of his rights. Prior to sentence, neither he nor his attorney had anything to say.

 In passing, the trial judge stated that Jameson got another boy in this mess. This does not constitute bias or prejudice. A trial court may take into consideration the criminal record of one upon whom sentence is to be imposed. State v. Helm, 79 N.M. 305, 442 P.2d 795 (1968). The trial judge sentenced Jameson in accordance with the criminal code. Therefore, there could be no abuse of discretion in sentencig Jameson. State v. Henry, 78 N.M. 573, 434 P.2d 692 (1967).

Affirmed.

HENDLEY and COWAN, JJ., concur.

WOOD, C. J., not participating.