606 P.2d 1101

STATE of New Mexico,
Plaintiff-Appellee,

v.

Bobby JAMES, Defendant-Appellant.

No. 3802.

Court of Appeals of New Mexico.

Feb. 15, 1979.

Rehearing Denied March 5, 1980.

Cynthia H. Heller, Window Rock, Ariz., for defendant-appellant.

Jeff Bingaman, Atty. Gen., Janice M. Ahern, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Defendant's interlocutory appeal involves the lesser included offense aspect of double jeopardy. Defendant sought dismissal of a homicide by vehicle charge in district court on the basis that the district court prosecution was barred by prior proceedings in municipal court. The appeal is from the trial court's order denying the motion to dismiss. We discuss: (1) jeopardy in munic-

ipal court; (2) lesser included offense; and (3) jurisdiction as affecting application of the lesser included offense rule.

*Jeopardy in Municipal Court*

The trial court found:

1. That the Defendant plead guilty to charges of reckless driving and driving while under the influence of intoxicating liquor in the Police [Municipal] Court of the City of Gallup on April 4, 1978. Said charges arose from an accident on December 27, 1977, in which a death occurred.

2. Defendant has been charged by Criminal Information with homicide by a vehicle by driving said vehicle while under the unfluence [sic] of alcohol and/or while driving said vehicle in a reckless manner, based upon the aforesaid accident and death that occurred on December 27, 1977.

Defendant pled guilty, and was convicted of the charge of reckless driving, in municipal court. The State does not assert that defendant was not in jeopardy, in municipal court, on this charge.

The trial court found that defendant pled guilty, in municipal court, to the charge of driving while under the influence of intoxicating liquor (hereinafter referred to as D.W.I.). The State asserts that this finding is incorrect, but disregards any distinction between defendant's plea and the court's acceptance or rejection of the plea. The State contends that defendant was found not guilty in municipal court and, because the charges were subsequently dismissed, that defendant was not in jeopardy, in municipal court, on the D.W.I. charge.

The citation for D.W.I. is numbered 006152. The final order of the magistrate, as to this charge, found defendant, "NOT GUILTY 006152 Dismissed attended ARO school completed 4/18/78". The State's brief identifies "ARO school" as alcohol related offenses school.

We disagree with the State's argument for two reasons.

First, the State's argument disregards the finding of not guilty in the final order and emphasizes the fact that the D.W.I. charge was dismissed. This emphasis is based on the rule that jeopardy does not attach in a non-jury trial until some evidence is presented by the State. *State v. Rhodes*, 76 N.M. 177, 413 P.2d 214 (1966). The State's emphasis is also based on the absence of any showing, in the appellate record, that any evidence was presented on behalf of the State. The State overlooks the fact that the magistrate court is not a court of record. See Rule of Crim.Proc. for Magis.Cts. 29(d). We do not know whether evidence was presented in the magistrate court. Absent a factual showing concerning the presentation of evidence in magistrate court on the D.W.I. charge, the jeopardy issue cannot be decided on an evidentiary basis.

Second, the State's argument disregards a statute. Although repealed by Laws 1978, ch. 35, § 550, § 64–13–59(A), N.M.S.A. 1953 (2d Repl.Vol. 9, Supp.1975) was in effect, and applicable, to the D.W.I. charge. This statute provided for the revocation of a driver's license upon a D.W.I. conviction "whether such offense be had under any state law or local ordinance, when such conviction has become final:"

Provided however, a first offender, at the discretion of the trial court after a presentence investigation, shall attend a driver rehabilitation program, also known as the "driving while intoxicated school," approved by the court and the department of motor vehicles; and upon successful completion of the program, the court may dismiss the driving while intoxicated charge whereupon it shall not be considered a conviction.

The magistrate court records show that dismissal of the D.W.I. charge came after completion of the school referred to in § 64–13–59(A), supra. The statute, however, required a conviction before the provision could be utilized. Dismissal of the D.W.I. charge, after completion of the school, does not change the fact that a conviction occurred. Compare *Padilla v. State*, 90 N.M. 664, 568 P.2d 190 (1977).

We have previously pointed out that the record does not show whether any evidence was presented in magistrate court. How, then, did the conviction come about?

■■■ A conviction results from the acceptance of a guilty plea. See *State v. Larranaga*, 77 N.M. 528, 424 P.2d 804 (1967). The trial court found that defendant pled guilty, in magistrate court, to D.W.I. There necessarily was an acceptance of that plea, thus a conviction, or the school provisions of § 64–13–59(A) could not have been utilized. There is no claim that the guilty plea was withdrawn. Jeopardy attached, in magistrate court, upon acceptance of defendant's guilty plea to D.W.I. See *United States v. Williams*, 534 F.2d 119 (8th Cir. 1976).

*Lesser Included Offense*

■■■ "A conviction or acquittal of a lesser offense necessarily included in a greater offense bars a subsequent prosecution for the greater offense." *State v. Tanton*, 88 N.M. 333, 540 P.2d 813 (1975). *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977) is to the same effect.

■■■ For the lesser offense to be necessarily included, the greater offense cannot be committed without also committing the lesser. In determining whether a lesser offense is necessarily included, we look to the offense charged in the information. *State v. Sandoval*, 90 N.M. 260, 561 P.2d 1353 (Ct.App.1977).

Homicide by vehicle may be committed by driving under the influence of intoxicating liquor, by driving under the influence of drugs, or by reckless driving. Sections 66–8–101, 66–8–102, and 66–8–113, N.M.S.A. 1978. See *State v. Trujillo*, 85 N.M. 208, 510 P.2d 1079 (Ct.App.1973).

■■■ The information charged that defendant committed homicide by vehicle while driving under the influence of intoxicating liquor, while driving in a reckless manner, or both. The charges in the information included the D.W.I. and reckless driving offenses; these lesser offenses were necessarily included because the homicide charge is based on the commission of the lesser offenses.

The municipal court convictions were lesser offenses included within the homicide by vehicle charge. This holding is not inconsistent with *State v. Tanton*, supra. In *Tanton*, the indictment charged homicide by vehicle, in the alternative; however, the municipal court conviction was only for D.W.I. See footnote 4 to *State v. Tanton*, supra. The homicide by vehicle charge could be proved by commission of the offense other than by D.W.I. Here the information charged homicide by vehicle in the alternative, but there were municipal court convictions for *all* of the alternatives charged.

Having been convicted of the lesser offenses necessarily included in the homicide vehicle charge, the lesser offense convictions barred prosecution of the homicide by vehicle charge. The trial court erred in denying the motion to dismiss.

*Jurisdiction as Affecting Application of the Lesser Included Offense Rule*

The municipal court did not have jurisdiction to try the homicide by vehicle charge. The State asserts that because of the absence of municipal court jurisdiction, the lesser included offense rule is not applicable. The State relies on *State v. Goodson*, 54 N.M. 184, 217 P.2d 262 (1950) and the dissent in *State v. Tanton*, supra.

*Woods v. State*, 84 N.M. 248, 501 P.2d 692 (Ct.App.1972) reviewed this contention as follows:

> *State v. Goodson*, 54 N.M. 184, 217 P.2d 262 (1950) approved the rule that an acquittal or conviction for a minor offense included in a greater will not bar a prosecution for the greater if the court in which the acquittal or conviction was had was without jurisdiction to try the accused for the greater offense. This rule was applied in *State v. Mares*, 79 N.M. 327, 442 P.2d 817 (Ct.App.1968). Under this rule, petitioner would not have been in double jeopardy by the second conviction of aggravated assault because the Clovis municipal court had no jurisdiction to try that offense.

However, the Supreme Court of the United States, by Chief Justice Burger, held this rule to be erroneous in *Waller v. Florida*, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970), reh. denied, 398 U.S. 914, 90 S.Ct. 1684, 26 L.Ed.2d 79 (1970). Thus, under *Waller*, supra, the prior conviction in municipal court may be a bar to subsequent prosecution in district court under the constitutional prohibition against double jeopardy.

The State suggests that we misunderstood *Waller v. Florida*, supra. We disagree. See *Robinson v. Neil*, 409 U.S. 505, 93 S.Ct. 876, 35 L.Ed.2d 29 (1973), reh. denied, 410 U.S. 959, 93 S.Ct. 1423, 35 L.Ed.2d 694 (1973).

*State v. Goodson,* supra, suggests that barring a district court felony prosecution on the basis of a municipal court conviction for a necessarily included lesser offense is a totally undesirable result. See also *State v. Tanton*, supra. If this is so, the solution is simple—refrain from municipal court prosecutions of lesser included offenses if felony prosecutions are contemplated.

The order denying the motion to dismiss is reversed. The cause is remanded with instructions to dismiss the district court information charging defendant with homicide by vehicle.

IT IS SO ORDERED.

HERNANDEZ, J., concurs.

ANDREWS, J., specially concurring.

ANDREWS, Judge (specially concurring).

I concur with the majority opinion, and consider it correct under present New Mexico law, but in view of the result, add the following comments:

*State v. Tanton*, 88 N.M. 333, 540 P.2d 813 (1975), discusses the various tests that can be applied in the determination of double jeopardy, and include "collateral estoppel," "necessarily included offenses," "same offense" or "same evidence," and "same transaction" tests. However, Justice Sosa, in a concurring opinion, recommends the adoption of an exception to the "necessarily included offense" rule: "If the court does not have jurisdiction to try the crime, double jeopardy cannot attach. Double jeopardy requires that a court have sufficient jurisdiction to try the charge." 88 N.M. 333 at 337, 540 P.2d 813 at 817. I agree with this approach to the jeopardy question and do not consider *Waller v. Florida*, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970) reh. denied 398 U.S. 914, 90 S.Ct. 1684, 26 L.Ed.2d 79 (1970), to bar application of this test.

In *Waller*, the issue was whether the municipality and State could charge the same person with the identical crime on a theory of separate sovereigns. The opinion is premised on the assumption that the felony charge was based on the same acts which were the violation of the city ordinance and on the assumption that the ordinance violations were included offenses of the felony charge. Such an analysis supports the decision herein, but fails to address the jurisdiction issue. While some courts have held that *Waller* precludes discussion of the jurisdictional issue, *see State v. Trivisonno*, 112 R.I. 1, 307 A.2d 539 (R.I. 1973); *Benard v. State*, 481 S.W.2d 427 (Tex.Cr.App.1972); others have considered the issue to be separate from that of "necessarily included offenses." *See, e. g., People v. Williams*, 61 Mich.App. 642, 233 N.W.2d 122 (1975); *State v. Arnold*, 115 Ariz. 421, 565 P.2d 1282 (1977); *People v. Mendoza*, 190 Colo. 519, 549 P.2d 766 (1976); *People v. Pinyan*, 190 Colo. 304, 546 P.2d 488 (1976); *Commonwealth v. Lovett*, —— Mass. ——, 372 N.E.2d 782 (1978); and *State v. Ramirez*, 83 Wis.2d 150, 265 N.W.2d 274 (1978).

Mr. Justice Brennan, concurring in *Waller* and *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), decided the same day, refers to "exceptions to the 'same transaction' rule" in both opinions. See *Waller v. Florida*, 397 U.S. 387, at 396, 90 S.Ct. 1184, at 1189, 25 L.Ed.2d 435 and *Ashe v. Swenson*, 397 U.S. 436, at 453, n. 7, 90 S.Ct. 1189, at 1199, n. 7, 25 L.Ed.2d 469. He reads the Double Jeopardy Clause to require joinder in one trial of all charges

arising from a single "criminal act, occurrence, episode, or transaction," except in most limited circumstances. Relying on *Diaz v. United States*, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912), he finds such a circumstance where a crime is not completed or not discovered before the commencement of a prosecution for other crimes arising from the "same transaction" and believes that here, a rule should be made to permit a separate prosecution. Further, he states "[a]nother exception would be necessary if no single court had jurisdiction of all the alleged crimes." 397 U.S., at 453, n. 7, 90 S.Ct., at 1199, n. 7.

That exception should be available in the instant case where the district court did not have jurisdiction over the municipal charges and the municipal court did not have jurisdiction over the homicide charge. Reason and logic do not support any other rule. *See State v. Tanton*, supra; *State v. Goodson*, 54 N.M. 184, 217 P.2d 262 (1950).