STATE V. HAMBY

This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**STATE OF NEW MEXICO,**
**Plaintiff-Appellee,**
**v.**
**STERLING HAMBY,**
**Defendant-Appellant.**

Docket No. A-1-CA-37817
COURT OF APPEALS OF NEW MEXICO
May 20, 2019

APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY, Sarah C. Backus, District Judge

**COUNSEL**

Hector H. Balderas, Attorney General, Santa Fe, NM, M. Victoria Wilson, Assistant Attorney General, Albuquerque, NM for Appellee

Bennett J. Baur, Chief Public Defender, Gregory B. Dawkins, Assistant Appellate Defender, Santa Fe, NM for Appellant.

**JUDGES**

JULIE J. VARGAS, Judge. WE CONCUR:  KRISTINA BOGARDUS, Judge, MEGAN P. DUFFY, Judge

**AUTHOR:** JULIE J. VARGAS

**MEMORANDUM OPINION**

**VARGAS, Judge.**

**{1}** Defendant appeals from the district court's interlocutory order declining to rule on his motion to dismiss. This Court's calendar notice proposed to construe Defendant's appeal as a direct, rather than interlocutory, appeal and to summarily reverse. [CN 1] The State filed a timely memorandum in opposition to the proposed disposition. [MIO 1]

Not persuaded by the State's arguments, we now reverse and remand to the district court for proceedings consistent with this opinion.

**{2}** The State asserts that the kidnapping charge in this case is based on allegations that, between March 24 and June 2, 2014, Defendant engaged in numerous, continuing acts of coercion to transport, restrain, or confine the victim while they were living together in Taos County. [MIO 4] The State contends that those acts are not the same acts that were previously used to establish that Defendant committed the offense of false imprisonment after they left Taos and arrived in San Juan County on June 3, 2014. [Id.] In other words, the State maintains, the conduct charged in this case is based solely on Defendant's acts that started on the date that he and the victim arrived in Taos County on March 24, 2014, and ended on the date they left the county on June 2, 2014. [MIO 2]

**{3}** The State opposes the proposal to remand, and without citation to the record, argues the record proper demonstrates that Defendant did not establish a double jeopardy violation. [MIO 6] The State asserts that there was enough evidence in the record to rule on Defendant's double jeopardy claim, and it is therefore unnecessary to remand for an evidentiary hearing to develop the facts. [MIO 5] While that may be the case, we nevertheless decline to consider Defendant's double jeopardy claim absent an express determination by the district court.

**{4}** We recognize that double jeopardy claims are not subject to waiver and can be raised at any time before or after entry of a judgment. *See* NMSA 1978, § 30-1-10 (1963). We generally apply a de novo standard of review to the constitutional question of whether there has been a double jeopardy violation. *State v. Andazola*, 2003-NMCA-146, ¶ 14, 134 N.M. 710, 82 P.3d 77. However, ruling on a double jeopardy claim requires the district court to make factual determinations. *See State v. Rodriguez*, 2006-NMSC-018, ¶ 3, 139 N.M. 450, 134 P.3d 737 (recognizing that where fact issues are intertwined with the double jeopardy analysis, the district court's fact determinations are subject to a deferential substantial evidence standard of review). "[F]act-finding is a function of the district court[.]" *State v. Rojo*, 1999-NMSC-001, ¶ 52, 126 N.M. 438, 971 P.2d 829 (internal quotation marks and citation omitted). The district court judge indicated that a development of the facts was necessary to rule on Defendant's double jeopardy claim; therefore, we believe the best recourse is to remand to the district court. *Cf. Woods v. State*, 1972-NMCA-128, ¶ 10, 84 N.M. 248, 250, 501 P.2d 692 (remanding for an evidentiary hearing where double jeopardy claim goes outside the record in the underlying case and the record does not conclusively show the defendant is not entitled to relief).

**{5}** By refusing to rule on Defendant's motion to dismiss and holding it in abeyance pending development of the facts at trial, the district court essentially denied Defendant's motion to dismiss, and thereby placed him in jeopardy of a second trial for what was potentially unitary conduct. We, therefore, reverse and remand to the district court for a definitive ruling on Defendant's double jeopardy claim and an evidentiary hearing, if necessary.

{6}     IT IS SO ORDERED.

JULIE J. VARGAS, Judge

WE CONCUR:

KRISTINA BOGARDUS, Judge

MEGAN P. DUFFY, Judge