461 P.2d 233

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Jose Robert GRAY, Defendant-Appellant.**

**No. 318.**

Court of Appeals of New Mexico.

Oct. 31, 1969.

Samuel Mandel, Albuquerque, for defendant-appellant.

James A. Maloney, Atty. Gen., Santa Fe, Robert J. Laughlin, Vince D'Angelo, Asst. Attys. Gen., for plaintiff-appellee.

OPINION

SPIESS, Chief Judge.

Defendant appeals from an order denying his motion, without a hearing, for post conviction relief under § 21–1–1(93), N.M.S.A. 1953. He was convicted of murder in the second degree which was affirmed in State

v. Gray, 79 N.M. 424, 444 P.2d 609 (Ct.App. 1968).

Two points are relied upon for reversal. First it is contended that a certain statement or confession which had been signed by defendant was improperly admitted in evidence against him for the reasons (1) that defendant was arrested and interrogated without first having been advised of his right to remain silent, or his right to counsel, and (2) the statement or confession was obtained prior to arraignment.

■ Whether defendant had been advised prior to making the statement or confession of his right to remain silent and of his right to counsel were issues of fact submitted to the trial court upon defendant's motion to suppress the statement and adversely determined as to him by the court, upon evidence which we consider to be substantial. The same issues were again submitted to the jury at the trial upon the indictment.

Defendant is not entitled to a retrial of these issues of fact in a post conviction proceedings. State v. Blackwell, 79 N.M. 230, 441 P.2d 759 (1968); State v. Selgado, 78 N.M. 165, 429 P.2d 363 (1967); see State v. Williams, 78 N.M. 431, 432 P.2d 396 (1967).

■ The contention that the statement was rendered inadmissible because obtained prior to arraignment is without merit. In support of this position defendant cites: Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957); Upshaw v. United States, 335 U.S. 410, 69 S.Ct. 170, 93 L.Ed. 100 (1948); McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819 (1942). A similar contention was considered in State v. Minor, 78 N.M. 680, 437 P.2d 141 (1968), in which the court said:

"* * * We recognize McNabb as laying down a rule applicable in proceedings in federal court, but not binding on us. The same can be said of the later cases of Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957), and Upshaw v. United States, 335 U.S. 410, 69 S.Ct. 170, 93 L.Ed. 100 (1948)."

We do point out, however, that *Mallory* involved an unnecessary delay in arraigning the defendant and as a consequence a confession obtained during the period of delay was held to be inadmissible. In the instant case the statement appears to have been made and signed by defendant promptly after arrest. He does not contend otherwise. Further, it is undisputed that both the trial judge and the jury determined that defendant's statement was voluntary. State v. Minor, supra, states:

"Having determined that it was voluntary, the fact that appellant was not taken forthwith before a magistrate cannot be held to make the statement inadmissible."

Defendant finally contends that the evidence submitted at the trial upon the indictment was legally insufficient to support the crime of second degree murder. This contention is based upon defendant's assertion that he "* * * was in such a state of intoxication at the time of the crime that he could not have had the requisite specific intent to commit second degree murder and that the only possible offense involved was manslaughter."

■ A complete answer to this contention is that voluntary intoxication is no defense to murder in the second degree. State v. Williams, 76 N.M. 578, 417 P.2d 62 (1966).

■ We further add that sufficiency of evidence is not ordinarily a basis for post conviction relief. State v. Sedillo, 79 N.M. 254, 442 P.2d 212 (Ct.App.1968).

The order denying the motion should be affirmed.

It is so ordered.

OMAN and WOOD, JJ., concur.