484 P.2d 350

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Robert Evans BONNEY, Defendant-Appellant.**

**No. 623.**

Court of Appeals of New Mexico.

April 16, 1971.

James F. Warden, Carlsbad, for defendant-appellant.

David L. Norvell, Atty. Gen., Ray Shollenbarger, Sp. Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WOOD, Judge.

Defendant pled guilty to an attempt to commit aggravated battery. Subsequently, he moved for post-conviction relief. Section 21-1-1(93), N.M.S.A.1953 (Repl.Vol. 4). After an evidentiary hearing, the motion was denied. Defendant's appeal asserts error in denying his motion because: (1) defendant's actions did not constitute an attempt to commit aggravated battery and (2) the State failed to establish that defendant had the specific intent to commit aggravated battery.

Both claims would be reviewable issues on an appeal after a trial. But that is not the posture of this case. Here, defendant seeks a review of evidence sufficient to sustain a conviction when there has been no trial and attempts to do so in a post-conviction proceeding.

Defendant's plea of guilty was a confession of guilt. State v. Daniels, 78 N.M. 768, 438 P.2d 512 (1968). The record in this case shows defendant acknowledged his guilt to the trial judge before his plea was accepted. The guilty plea waived trial. Since the plea waived trial, and there being no issue as to the voluntariness of that plea, defendant is bound by his plea. State v. Montoya, 81 N.M. 233, 465 P.2d 290 (Ct.App.1970). Thus, there simply is no question before us as to the sufficiency of the evidence.

Further, even if defendant had been found guilty after a trial, post-conviction proceedings are not a method for obtaining

a retrial of his case. State v. Reid, 79 N.M. 213, 441 P.2d 742 (1968); State v. Williams, 78 N.M. 431, 432 P.2d 396 (1967). Thus, insufficiency of the evidence is not a basis for granting post-conviction relief. Herring v. State, 81 N.M. 21, 462 P.2d 468 (Ct.App.1969); State v. Gray, 80 N.M. 751, 461 P.2d 233 (Ct.App.1969); Nance v. State, 80 N.M. 123, 452 P.2d 192 (Ct.App. 1969); State v. Gonzales, 79 N.M. 414, 444 P.2d 599 (Ct.App.1968).

The order denying relief is affirmed.

It is so ordered.

HENDLEY and SUTIN, JJ., concur.