497 P.2d 744

**Billy Doyle FAULKNER, Petitioner,**

v.

**STATE of New Mexico, Respondent.**

**No. 845.**

Court of Appeals of New Mexico.

May 5, 1972.

————◆————

David W. Bonem, Quinn & Bonem, Clovis, for petitioner.

David L. Norvell, Atty. Gen., James H. Russell, Jr., Asst. Atty Gen., Santa Fe, for respondent.

OPINION

HENDLEY, Judge.

Defendant was convicted of armed robbery on June 19, 1967. The notice of appeal was subsequently filed on June 26, 1967 and the transcript docketed in this court (Ct.App.No. 89) on September 22, 1967. On November 21, 1967, defendant through his attorney filed a Motion to Dismiss Appeal with an attached affidavit. The affidavit stated in part: "[T]hat he voluntarily of his own free will and without coercion or duress of any manner, desires to dismiss the appeal filed in the State of New Mexico Court of Appeals under the heading, State of New Mexico v. Doyle Faulkner, No. 89; that he is fully aware that the consequence of this dismissal will be to terminate his right to appeal * * *." Pursuant to the motion to dismiss the appeal an order was entered dismissing the appeal on the same day.

On July 30, 1971, defendant filed a Motion to Vacate Judgment and Sentence under Rule 93 (§ 21-1-1(93), N.M.S.A.1953 (Repl.Vol.1970)). In the petition the defendant stated that after his arrest for armed robbery and prior to his armed robbery conviction he was sent to the State Hospital in Las Vegas, New Mexico, for the purpose of an examination to determine if he was competent to stand trial and also to see if he was sane at the time of the commission of the crime. Defendant further stated that he was at Las Vegas for a period of six weeks and was subjected to assorted tests; that while at the hospital he only talked one time to the director of psychiatry, Dr. Bramante, and that this talk only lasted for a period of fifteen minutes; that after six weeks at the hospital he was sent back to stand trial; that the doctor who examined him in the hospital testified at the trial and stated that defendant suffered from various illnesses and psychotic disorders; that the doctor testified that he believed defendant to be sane at the time of trial and was sane at the

time of the commission of the crime. Defendant further stated that after his conviction he was sent directly to the penitentiary and was immediately put on medication and subsequently put on so much medication that he did not realize what was happening around him for over a year and when the medication was reduced he went into a deep depression and was subsequently sent to the State Hospital as an emergency case.

In the words of the defendant he contends: "* * * that in consequence of testimony given by Dr. Bramante and his later actions deprived Petitioner of a fair and impartial trial * * *."

The trial court denied defendant the relief requested without a hearing on the grounds that the motion failed to state a claim upon which relief could be granted and that the matter sought to be raised therein could be raised, if at all, by appeal from the defendant's conviction but that defendant had dismissed his appeal.

Defendant appeals and raises the question of (1) substantial evidence to support the jury's determination of sane at the time of the alleged crime and at the time of trial, (2) that because of the one year medication after confinement defendant was incompetent at the time he dismissed the appeal.

Defendant's claim which relates to the sufficiency of the evidence on sanity is without merit. Insufficiency of the evidence is not a basis for granting post-conviction relief. Jones v. State, 81 N.M. 568, 469 P.2d 717 (1970); State v. Ponney, 82 N.M. 508, 484 P.2d 350 (Ct.App.1971).

The claim that defendant was "subsequently" put on so much medication that he did not realize what was happening "for over a year" is vague and does not raise an issue as to whether he was mentally incompetent when he dismissed his appeal on November 21, 1967. State v. Botello, 80 N.M. 482, 457 P.2d 1001 (Ct.App.1969); State v. Guy, 79 N.M. 128, 440 P.2d 803 (Ct.App.1968). Even if the issue of competency at the time of dismissal of the appeal could be raised for the first time in this appeal, there is no basis for determining the claim. State v. Lucero, 78 N.M. 659, 436 P.2d 519 (Ct.App.1968).

Affirmed.

It is so ordered.

WOOD, C. J., and SUTIN, J., concur.