526 P.2d 1308

**Billy Doyle FAULKNER, Petitioner-Appellant,**

v.

**The STATE of New Mexico, Respondent-Appellee.**

**No. 1519.**

Court of Appeals of New Mexico.

Sept. 18, 1974.

Robert H. Scott, Wollen, Segal & Scott, Albuquerque, for petitioner-appellant.

David L. Norvell, Atty. Gen., Ralph W. Muxlow, II, Asst. Atty. Gen., Santa Fe, for respondent-appellee.

OPINION

WOOD, Chief Judge.

This appeal concerns a second motion for post-conviction relief under § 21–1–1(93), N.M.S.A. (Repl.Vol. 4).

The contention is that petitioner did not voluntarily and intelligently waive his right to a direct appeal from his conviction for armed robbery. The record shows that petitioner took a direct appeal and that after the appeal was docketed in this Court, the appeal was dismissed at his request.

Petitioner's contention at the evidentiary hearing on the second motion was that his dismissal of his direct appeal was involuntary. Petitioner's motion asserts that through his attorney he negotiated a bargain with the District Attorney. The bargain was that petitioner would dismiss his direct appeal in exchange for the District Attorney not prosecuting petitioner as a habitual offender. The motion alleges that the bargain was kept. Evidence at the evidentiary hearing would support a finding by the trial court that dismissal of the direct appeal was not involuntary on petitioner's part. No such finding was made.

The denial of petitioner's first motion for post-conviction relief was affirmed. Faulkner v. State, 83 N.M. 742, 497 P.2d 744 (Ct.App.1972). The contention made in the second motion could have been raised in the first motion. Thus this appeal is subject to State v. Gillihan, 86 N. M. 439, 524 P.2d 1335, decided July 26,

716

1974. *Gillihan* states " * * * we will not consider grounds asserted in a second or successive Rule 93 proceeding which could have been, but were not, asserted in a prior Rule 93 proceeding. Such grounds omitted in the prior proceedings are deemed waived."

We have mentioned two dispositional grounds. However, we do not decide this case on either ground. The trial court's order states that "having determined the issues involved in the Petition for post-conviction relief" it is ordered that petitioner be returned to the penitentiary. We do not know what the trial court determined; there is no order denying the motion. Absent such an order there is no basis for the appeal. Section 21–1–1(93)(e), supra.

The appeal is dismissed.

It is so ordered.

HENDLEY and HERNANDEZ, JJ., concur.