**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 28 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL ANTHONY GUZMAN,

Petitioner-Appellant,

v.

JOE WILLIAMS, Warden, Central NM
Correctional Facility; ATTORNEY
GENERAL FOR THE STATE OF
NEW MEXICO,

Respondents-Appellees.

No. 98-2172
(Dist. of New Mexico)
(D.C. No. CIV-97-1527-JC)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **BARRETT,** and **MURPHY**, Circuit Judges.

## I. INTRODUCTION

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

This case is before the court on Michael Anthony Guzman's application for a certificate of appealability ("COA").  Guzman seeks a COA so that he can appeal the district court order dismissing Guzman's 28 U.S.C. § 2254 habeas corpus petition.  *See* 28 U.S.C. 2253(c)(1)(A).  Guzman has made a substantial showing of the denial of a constitutional right as to the following three claims: (1) that he was incompetent at the time of his trial; (2) that his counsel was ineffective in failing to adequately contest Guzman's competency both during the competency hearing and the pendency of the trial; and (3) that his counsel was ineffective in failing to proffer evidence regarding Guzman's consumption of medication and alcohol on the day of the crimes where such evidence could have given rise to a diminished capacity defense.  As to these three claims, we **grant** a COA, **reverse** the district court's summary dismissal, and **remand** the case to the district court for further proceedings.  *See id.* § 2253(c)(2) (providing that a petitioner is entitled to a COA only upon making a substantial showing of the denial of a constitutional right).  Because Guzman has failed to make the requisite showing as to the remaining claims advanced on appeal, this court **denies** a COA and **dismisses** the appeal as to those claims.

## II. BACKGROUND

In 1982, at the age of eighteen, Guzman was convicted of first degree murder, attempted first degree murder, criminal sexual penetration, two counts of kidnaping, and tampering with evidence. The convictions arose out of an episode where Guzman kidnaped two women, repeatedly stabbed one of the victims, and raped and murdered the other. He was sentenced to death on the first degree murder charge and varying terms of imprisonment on the remaining charges. The death sentence was later commuted to life imprisonment by the governor of New Mexico.

After he was unsuccessful in obtaining post-conviction relief in state court, Guzman brought this § 2254 federal habeas action. In his petition, Guzman alleged that (1) the evidence was insufficient to support his convictions, (2) he was incompetent to stand trial, and (3) he had received ineffective assistance of counsel at trial in several particulars.

The district court summarily dismissed the petition. In its order, the court pointed out that under 28 U.S.C. § 2254(e)(1), the state court's determination of the facts are presumed correct. The court held that Guzman had failed to proffer clear and convincing evidence to rebut the state court's factual findings that the evidence was sufficient to support the verdicts and that he was competent to stand

trial. The court also held that Mr. Guzman had failed to show his counsel was ineffective.

### III. ANALYSIS

This court reviews the district court's factual findings following the denial of a habeas corpus petition under the clearly erroneous standard and reviews its legal conclusions *de novo*. *See Castro v. Oklahoma*, 71 F.3d 1502, 1510 (10th Cir. 1995). The underlying state factual findings must be accepted unless they "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). This court must defer to a state court's legal conclusions, unless those conclusions are "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *Id.* § 2254(d)(1).

Pursuant to these standards, we begin by noting the state of the record in this case. In response to Guzman's § 2254 petition, the respondents filed an Answer. The majority of the Answer is composed of a list of attached exhibits, which exhibits represented the entirety of the record of the state court proceedings before the district court. Although this record included the parties' briefs on both

-4-

direct appeal and post-conviction proceedings, noticeably absent from the record are the audio recordings of Guzman's trial. [1]

Based on this limited record, the district court summarily dismissed all three of Guzman's claims. As noted at more length below, this court can reconstruct enough of what happened at trial from the limited record to resolve, pursuant to the standards set forth above, Guzman's sufficiency-of-the-evidence claim and the bulk of Guzman's ineffective-assistance claims. As to the remainder of his claims, however, the limited record on appeal is simply insufficient to affirm the district court's summary dismissal.

A. *Sufficiency of the Evidence*

Guzman first alleges that there was insufficient evidence adduced at trial to prove that he committed the crimes. In particular, Guzman asserts that the only evidence adduced at trial in support of his conviction was his confession and the eyewitness identification of Colleen Bush, the surviving victim. As to the confession, Guzman asserts that it should have been suppressed because he was "incompetent" at the time of the confession. [2] With regard to Bush's identification, Guzman asserts that it is unreliable. According to Guzman, "Bush

---

[1]It is clear from the record that Guzman's trial was audio taped rather than transcribed.

[2]As noted below, Guzman's trial counsel apparently never sought to have the confession suppressed. Nevertheless, Guzman asserts that his counsel was ineffective in failing to so move.

was unable to identify petitioner but identified another person as the possible suspect. It was only after she was shown photos on several occasions that she identified petitioner." The district court rejected Guzman's contentions as completely conclusory and insufficient to overcome the presumption of correctness afforded the state court's determination that the evidence was sufficient.

Before this court begins its analysis, we note a serious question about whether Guzman is procedurally barred from raising these claims. This court has conducted a close review of each of Guzman's opening and reply briefs before the New Mexico Supreme Court on direct appeal of his conviction, Guzman's state petition for post-conviction relief, and Guzman's petition for a writ of certiorari to the New Mexico Supreme Court seeking review of the denial of his state petition for post-conviction relief. With regard to Guzman's briefs on direct appeal, it is absolutely clear that Guzman never raised a sufficiency-of-the-evidence claim. While Guzman did generally allege his actual innocence and raise a generalized evidence-sufficiency claim in his state post-conviction pleadings, he never raised the specific claims as to his confession and Bush's eyewitness identification. [3] Unfortunately, the respondents did not argue the

_____

[3]In response to Guzman's general and conclusory allegations, the state court concluded, as the entirety of its analysis of the issue, as follows:
    In the present case[,] the affidavit by one of the prosecutors

procedural bar before the district court.  Although this court has the power to raise the state procedural bar defense *sua sponte*, *Hardiman v. Reynolds*, 971 F.2d 500, 505 (10th Cir. 1992),[4] we conclude such a course is unnecessary here because Guzman's claims can be easily resolved on the merits.[5]

On appeal to this court, Guzman reasserts the claims he made before the district court and argues that the district court erred in summarily dismissing the petition without first obtaining a copy of and reviewing the trial transcript.  We

_____

states that the defendant gave a confession to the police, was positively identified by the surviving victim, and took police to the scene of the crime and the location where he threw away the murder weapon.  The Petitioner merely makes an unsubstantiated allegation that the evidence presented during the trial was insufficient to sustain the guilty verdicts.

[4]When a court raises the procedural bar *sua sponte*, the petitioner must be given an opportunity to respond to the defense. *See United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994).

[5]Technically, Guzman's failure to raise the specifics of his insufficiency claim before the state courts would mean that the claim is not exhausted.  In such a situation, Guzman's federal habeas petition would generally be dismissed without prejudice to provide an opportunity to return to state court to pursue those remedies. *See Demarest v. Price*, 130 F.3d 922, 939 (10th Cir. 1997).  Dismissal without prejudice is not appropriate, however, if the state court would now find the claims procedurally barred on independent and adequate state procedural grounds. *See Coleman v. Thompson*, 501 U.S. 722, 735 & n.1 (1991).  Guzman's failure to raise these specific claims either on direct appeal or in his state petition for post-conviction relief would be considered a waiver of those claims by New Mexico courts. *See Faulkner v. State*, 526 P.2d 1308, 1308-09 (N.M. Ct. App. 1974); *Jackson v. Shanks*, 143 F.3d 1313, 1318 (10th Cir. 1998).

agree with Guzman that a review of the trial record is often necessary to resolve a sufficiency-of-the-evidence claim on federal habeas review. [6] Nevertheless, in light of the specific nature of Guzman's sufficiency claim and the contents of the record before the court, we conclude that the district court did not err in summarily dismissing Guzman's evidence-sufficiency claim.

On appeal, Guzman baldly asserts "[t]he only evidence that the State had linking [him] to the incident was [his] confession and the testimony of Ms. Colleen Bush." Petitioner's Supp. Opening Brief at 6. This assertion is clearly belied by the record. During the trial, Guzman's common-law wife, Monica Juarez, related a series of events that corroborated Guzman's confession and participation in the crimes. [7]

---

[6] *Cf. Jones v. Wood*, 114 F.2d 1002, 1013 (9th Cir. 1997) ("[T]he district court's duty to ascertain the sufficiency of the evidence by engaging in a thorough review of the complete state court record is unaffected by the AEDPA. Without such a review of the record, it is impossible to determine whether the state court adjudication rested on an 'unreasonable application' of clearly established federal law or an 'unreasonable determination" of fact.").

[7] According to the uncontroverted facts set forth in New Mexico's brief on direct appeal to the New Mexico Supreme Court, Juarez testified to the following series of events. Although Guzman was supposed to arrive at home around 9:00 p.m. on the night of the crimes, he did not arrive until midnight. When he did arrive, he was covered with blood, had a knife in his hand, and was "shaking a lot." Although Guzman told Juarez that two men had jumped in the backseat of his car, Juarez found women's clothing in the car. When Guzman calmed down, he informed Juarez that he wanted to return to the scene of the incident because he had left his cigarettes. Guzman and Juarez arrived at the scene of the crimes at approximately 1:15 a.m. and Guzman located his cigarettes. The day after the crimes, Juarez and Guzman cut up the women's clothes Juarez found in Guzman's

In addition, Guzman's conclusory claim that his confession should not be considered by this court in conducting its sufficiency review because he was "incompetent" [8] at the time of the confession is meritless as a matter of law. As this court has recently reemphasized, an individual's impaired mental status, standing alone, is never sufficient reason to suppress a confession. *See United States v. Erving L.*, 147 F.3d 1240, 1249, 1251 (10th Cir. 1998); *see also Colorado v. Connelly*, 479 U.S. 157, 167 (1986) ("We hold that coercive police activity is a necessary predicate to the finding that a confession is not 'voluntary' within the meaning of the Due Process Clause . . . ."); *Nickel v. Hannigan*, 97 F.3d 403, 410 (10th Cir. 1996) (holding that even in cases where a defendant is mentally impaired and the officer was aware of the impairment, a confession will be suppressed as involuntary only if the officer utilizes coercive measures to take advantage of the impairment); *United States v. Rohrbach*, 813 F.2d 142, 144 (8th Cir. 1987) (" *Connelly* makes it clear that . . . personal characteristics of the

---

car and scattered the pieces of clothing around the county.

[8] Guzman originally filed his appellate pleadings *pro se*. The only ground advanced in his *pro se* brief for the argument that his confession should not be considered in assessing the sufficiency of the evidence is that the statement was given at a time when Guzman "was mental[ly] incompetent." After Guzman filed his appellate pleadings, he acquired counsel. Counsel's supplemental brief is similarly limited in its assertion that this court should not consider Guzman's confession. According to counsel, "[t]he available record indicates that these statements were made at a time at which Mr. Guzman was, at a minimum, incompetent."

defendant are constitutionally irrelevant absent proof of coercion." (internal quotations omitted)).  Accordingly, Guzman's bare claim that he was incompetent at the time of the confession is of no constitutional moment.

Taken together, the confession and the corroborating testimony of Juarez are more than sufficient bases upon which a rational juror could find Guzman guilty of the crimes beyond a reasonable doubt.  *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (holding that where a federal habeas corpus claimant alleges his state conviction is unsupported by the evidence, federal courts must determine whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt").  Accordingly, this court need not address Guzman's equally conclusory sufficiency-of-the-evidence claim relating to the testimony of Colleen Bush.  The district court's conclusion that the evidence adduced at Guzman's trial was constitutionally sufficient to support his convictions is not reasonably debatable, subject to a different resolution on appeal, or deserving of further proceedings.  *See Barefoot v. Estelle*, 463 U.S. 880, 890 & n.3 (1983).  Accordingly, Guzman has not made a substantial showing of the denial of a constitutional right with regard to this claim and is not entitled to a COA.  *See* 28 U.S.C. § 2253(c)(2).  Guzman's appeal as to this claim is therefore dismissed.

*B. Incompetence to Stand Trial*

Guzman next contends that the district court erred in summarily dismissing his claim that he was incompetent at the time of his trial. This court cannot conclude on the limited record before it that Guzman "can prove no set of facts which would entitled him to relief." *Knapp v. Henderson*, No. 97-1188, 1998 WL 778774, at *3 n.5 (10th Cir. Nov. 9, 1998) (unpublished disposition) (quotations omitted). Accordingly, the district court erred in summarily dismissing this claim. *Id.*

The limited record before the court, together with the allegations in Guzman's petition, reveals the following facts regarding Guzman's competency to stand trial. Guzman surrendered himself to authorities on April 23, 1981, and was placed in the Bernalillo County Detention Center. The very next day, according to Guzman, a staff psychiatrist at the detention center placed him on a combination of anti-psychotic drugs, including Thorazine, Stelazine, and Cogentin. Sometime thereafter, the state district court determined that Guzman was not competent to stand trial and transferred him to the forensic unit of the state hospital. Guzman remained at the state hospital for approximately four months. During that time, Guzman alleges that he received no treatment with the exception of a continued course of anti-psychotic drugs.

On March 26, 1982, the district court held a second competency hearing and, after hearing testimony from three psychologists, found Guzman competent to stand trial. Two of the psychologists testified that although Guzman had a "very fragile emotional makeup," he was competent to stand trial if he remained on the anti-psychotic medication. The third psychologist testified that Guzman was only marginally competent and that additional precautions, such as not exposing him to television or still photographs during trial, needed to be taken to maintain the competency. According to Guzman, his counsel never contested the competency question at this second hearing and never sought medical testimony on how the combination of anti-psychotic medicine would affect Guzman's ability to function in a meaningful way at trial. Based on the testimony presented at the second hearing, the trial court concluded that Guzman was competent. Furthermore, in line with the suggestion of one of the psychologists, the trial court barred television cameras and still cameras from the courtroom during the evidentiary phase of the trial.

Despite the conclusion to the contrary by the trial court, Guzman maintains that he was incompetent during the entirety of his trial. In particular he alleges that the combination of anti-psychotic drugs impaired his "ability to know or

understand any event that was possibly taking place" at trial.[9]  Guzman further alleged that his counsel was well aware of his impaired status during trial. According to Guzman, trial counsel indicated to the trial court on several occasions that he was not able to communicate effectively with Guzman due to the level of "mental dysfunction and severe medication."  Nevertheless, Guzman acknowledges that counsel never requested further competency proceedings during the trial.

Reading Guzman's *pro se* habeas petition liberally, the petition alleges both a substantive and procedural competency claim.  That is, the petition alleges that Guzman was (1) actually incompetent at the time of his trial and (2) that the trial court, faced with real indications during trial that Guzman was incompetent, failed to take adequate steps to determine whether Guzman remained competent. *See Carter v. Johnson*, 131 F.3d 452, 459 (5th Cir. 1997) (discussing difference between substantive and procedural competency claims).  The district court

---

[9]In his state petition for post-conviction relief, Guzman made the following allegations regarding his competency:

> The drug regimen and it's effect were absolutely devastating.  Mr. Guzman was in a zombie like state, could not effectively consult with counsel, did not have memory of the events, could not analyze the events, ate very little during trial, and in fact, at one point, fainted. He, in short, could not communicate with his counsel, could not assist his counsel, could not competently participate in the trial, could not act appropriately, and had little or no memory.  His state of health was so debilitating that there is absolutely no way that he received a fair trial.

dismissed Guzman's competency claims summarily by deferring to the state court determination of competence pursuant to 28 U.S.C. § 2254(d) and (e). Our review of the extremely limited record before the district court demonstrates that it is not possible to determine whether the state court conclusion that Guzman was competent at the time of this trial was an "unreasonable determination of the facts in light of the evidence" or an adjudication that was "contrary to, or . . . an unreasonable application of, clearly established" Supreme Court precedent. 28 U.S.C. § 2254(e), (d). While the AEDPA increases the level of deference federal courts must afford a state court's "factual findings and legal determinations," *Houchin v. Zavaras*, 107 F.3d 1465, 1470 (10th Cir. 1997), it does not eliminate the need for federal courts to conduct a thorough review of an adequate record in resolving an otherwise facially valid claim. Although this court could cobble together a sufficient picture of Guzman's trial to resolve his sufficiency-of-the-evidence claim from the parties' briefs on direct appeal, because Guzman did not raise the competency issue until his state petition for post-conviction relief, those direct appeal documents are simply not helpful in resolving this claim. Furthermore, because the state court did not have the audio tapes of Guzman's trial before it when it denied his state petition for post-conviction relief, this court cannot reconstruct the events at trial from the pleadings before and decision of that court.

Because Guzman's competency claim is deserving of further proceedings, *Barefoot*, 463 U.S. at 890 & n.3, this court grants him a COA on this issue, reverses the district court's summary dismissal, and remands the case to the district court to conduct further proceedings on a more appropriately developed record.

## C. Claims of Ineffective Assistance of Trial Counsel

Guzman raised twelve claims of ineffective assistance of trial counsel before the district court. The district court considered each claim on the merits under the performance/prejudice paradigm established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), and summarily dismissed each of the twelve. Guzman seeks a COA so that he can raise the following six claims on appeal: (1) counsel was ineffective for failing to seek suppression of Guzman's confessions on the ground that Guzman was "incompetent"; (2) counsel failed to adequately contest Guzman's competence both prior to and during trial; (3) counsel failed to object to the admission of other bad-acts testimony at trial; (4) counsel failed to object to the admission of a knife at trial; (5) counsel failed to adequately investigate the physical evidence found at the crime scene; and (6) counsel failed to adequately present a diminished capacity defense to the jury. [10]

---

[10]In his *pro se* brief before this court, Guzman makes only a generalized claim of ineffective assistance and notes that he hopes to "supplement[] this brief, hopefully with the assistance of counsel." Although noting that Guzman raised

-15-

We conclude that Guzman has not made a substantial showing of the denial of a constitutional right with regard to his first, third, fourth, and fifth claims of ineffective assistance. *See* 28 U.S.C. § 2253(c)(2). As to those claims, it is clear, even with the limited record available to us, that the district court's summary denial of those claims is not reasonably debatable, subject to a different outcome on appeal, or deserving of further proceedings. *See Barefoot*, 463 U.S. at 890 & n.3. As for Guzman's claim relating to counsel's failure to seek suppression of his confessions, we note that the argument is meritless for the reasons set out above in rejecting his sufficiency-of-the-evidence claim. As to his third, fourth, and fifth claims, we note that each challenges trial counsel's decision to utilize an insanity defense at trial, rather than to mount a vigorous assertion of factual innocence. Despite Guzman's protestations to the contrary, the record before this court clearly and unequivocally demonstrates that the case Guzman actually committed the murders was overwhelming. On the other hand, Guzman's history of abuse, alcoholism, and family and personal mental illness, made him a strong candidate for an insanity defense. Against such a backdrop, this court will not utilize the lens of hindsight to second-guess trial counsel's

---

twelve claims of ineffective assistance below, in his supplemental opening brief, counsel only raises six of the claims rejected by the district court. Accordingly, Guzman has waived those claims of ineffective assistance raised below but not reasserted on appeal. *See State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994).

-16-

obviously tactical decision to focus on an insanity defense, rather than challenge the admission of evidence bearing only on whether Guzman did, in fact, commit the crimes. *See Strickland*, 466 U.S. at 689. Accordingly, we deny Guzman a COA on his first, third, fourth, and fifth claims and dismiss the appeal as to those claims.

As to Guzman's second claim, that his counsel failed to adequately contest his competency both before and during trial, this court concludes that the claim is deserving of further proceedings for substantially those reasons set forth above with regard to Guzman's underlying competency claim. The ineffectiveness claim is not severable from the underlying competency claim and the current record is simply insufficient to undertake the analysis necessary to determine whether the state court's adjudication of this issue satisfies the review standards set out in § 2254(d) and (e). Because Guzman has demonstrated that this claim is deserving of further proceedings, he has made a substantial showing of the denial of a constitutional right. *See Barefoot*, 463 U.S. at 890 & n.3; 28 U.S.C. § 2253(c)(2). Accordingly, we grant a COA as to this claim, reverse the district court's summary dismissal, and remand to the district court for further proceedings consistent with this opinion.

We reach a similar conclusion with regard to Guzman's claim that his counsel was ineffective in failing to adequately present a diminished capacity, as

opposed to insanity, defense to the jury. At trial, counsel called an expert witness to testify as to the hypothetical effect of a combination of certain prescribed pain medication and alcohol that Guzman had purportedly consumed in large quantities over a period prior to the crimes in question. Because, however, counsel failed to provide foundation for the testimony that Guzman had actually consumed the drugs on the night of the crimes, the trial court refused to allow the expert to testify as to the particular effect of the drugs and alcohol on Guzman. Guzman asserts that Debbie Martinez would have provided the necessary foundation by testifying that she witnessed Guzman consuming the prescribed pain medication and consuming alcohol on the night of the crimes.

The district court summarily dismissed this claim, concluding that Guzman had failed "to show that there is a reasonable probability that but for counsel's failure to call [Martinez] the result of the trial would have been different." Unfortunately, this court's review of the limited record reveals nothing that would bear on whether Guzman was prejudiced by counsel's failure to call Martinez. Because summary dismissal is only appropriate where a petitioner "can prove no set of facts which would entitled him to relief," *Knapp*, 1998 WL 778774, at *3 n.5 , and because the limited record does not allow for an adequate evaluation of either *Strickland* 's performance or prejudice prongs, we conclude the district court erred in summarily dismissing this claim. Accordingly, this

-18-

court grants Guzman a COA as to this claim, reverses the district court's summary dismissal, and remands to the district court for further review in light of an adequate record. In so doing, we note that it does not appear that Guzman raised this specific claim of ineffective assistance on direct appeal **or** in his state petition for post conviction relief. Although the respondents did not raise the issue of procedural bar, this court has the power to raise the bar *sua sponte*, as long as the petitioner is given an opportunity to respond. *See United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994). On remand, the parties are specifically instructed to brief whether this particular claim of ineffective assistance is procedurally barred.

## IV. CONCLUSION

Because Guzman has not made a substantial showing of the denial of a constitutional right with regard to his sufficiency-of-the-evidence claim and the majority of his ineffective-assistance claims, we deny COA and dismiss the appeal as to those claims as set out above. This court grants Guzman a COA as to both his underlying and ineffective-assistance claims relating to his competency to stand trial, as well as his ineffective-assistance claim relating to counsel's failure to adequately mount a diminished capacity defense. As to these

claims, we reverse the district court's summary dismissal and remand for further proceedings as set forth above.

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge