This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**CITY OF ROSWELL,**

Plaintiff-Appellee,

v.                                                    **NO. A-1-CA-35914**

**EDWARD KAFKA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVEZ COUNTY**
**James M. Hudson, District Judge**

City of Roswell
Paul V. Sanchez
El Prado, NM

for Appellee

Edward Kafka
Roswell, NM

Pro se Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}     Defendant appeals his convictions for failure to yield and failure to provide immediate notice of an accident. We issued a notice of proposed disposition proposing

to dismiss in part and affirm in part. After obtaining several extensions of time from this Court, Defendant has responded with a memorandum in opposition. We have carefully considered the arguments raised in that memorandum, but continue to believe that the proposed disposition is correct. Therefore, for the reasons set out below and in our notice of proposed summary disposition, we dismiss in part and affirm in part.

{2} In our notice, we pointed out that Defendant had not filed a timely appeal from the judgment and sentence and that his appeal would be limited to the denial of his "omnibus" motion for reconsideration, which we construed as a motion filed under Rule 5-803 NMRA. Defendant has not responded to the proposal to dismiss the appeal insofar as it concerns the judgment and sentence, and we therefore dismiss that portion of his appeal.

{3} With respect to the proposal to affirm the district court's rejection of Defendant's motion for reconsideration, Defendant presents evidence and argument intended to establish that his convictions were not supported by substantial evidence. In particular, he points out that the only witness who was on the scene at the time of the accident testified that he did not actually see the accident happen. [MIO 4-5] Instead, the witness testified that he saw the positions of the vehicles after the accident and heard the other driver yelling that Defendant had run the stop sign; this statement

2

was apparently admitted into evidence as an exception to the hearsay rule, the "excited utterance" exception. [Id.] In addition, Defendant maintains there was no evidence that the amount of damage to either vehicle was "to the apparent extent of $500 or more" as the city ordinance apparently requires. [Id. 3, 5-6]

{4} The problem with both of Defendant's arguments is that they attack the sufficiency of the evidence supporting his convictions. However, in New Mexico and elsewhere, a claimed lack of sufficient evidence is not an argument cognizable in a post-conviction proceeding. *See, e.g.*, *Faulkner v. State*, 1972-NMCA-061, ¶ 6, 83 N.M. 742, 497 P.2d 744; *State v. Bonney*, 1971-NMCA-041, ¶ 4, 82 N.M. 508, 484 P.2d 350; *accord Clay v. Kelley*, 528 S.W.3d 836, 838 ("Claims of actual innocence, which are effectively challenges to the sufficiency of the evidence, are due-process claims that are not cognizable in habeas proceedings."); *In re Richards*, 371 P.3d 195, 209 (Cal. 2016) (noting that a sufficiency-of-the-evidence claim is a type of claim not cognizable on a petition for writ of habeas corpus). A motion filed under Rule 5-803, or construed as filed under that rule, is unequivocally a motion requesting post-conviction relief. Rule 5-803(A) (describing such a motion as a "petition to set aside a judgment and sentence"). Therefore, the sufficiency-of-the-evidence arguments being raised by Defendant were simply not cognizable by the district court or by this Court on appeal. We therefore decline to address the arguments Defendant has raised

concerning the sufficiency of the evidence supporting his convictions.

{5}     Based on the foregoing, as well as the discussion contained in the notice of proposed summary disposition, we affirm Defendant's convictions.

{6}     **IT IS SO ORDERED.**


_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**


_____
**LINDA M. VANZI, Chief Judge**


_____
**STEPHEN G. FRENCH, Judge**

4